Wilde, J.
This case turns altogether on the validity of the first rejoinder; for there is nothing in the objections made to the declaration, or to the first plea in bar; and as to the second plea, it is clearly insufficient.
The declaration sets out a judgment, and avers that the same remains in full.force, not reversed, annulled, or satisfied ; which is substantially good, without setting out the doings of the officer upon the execution. And if this were not so, the defect must be considered a formal one, and would be cured by pleading over ; the supposed deficiency in this case being supplied by the defendant’s first plea, in which he alleges a commitment under the execution.
To this plea it has been objected, that it does not show a discharge or satisfaction of the debt. The answer is, that it shows execution executed, by the commitment of the body of the debtor; and the legal presumption would be, that he still remains in prison, had not the plaintiff averred the contrary in his replication.
As to the second plea in bar, it is clearly no defence for the principal to plead that the trustee, at the commencement of the action, had not in his possession any * goods, effects, or credits, of the supposed trustee ; for the statute expressly authorizes a plaintiff to proceed to trial, judgment, and execution, against the principal, notwithstanding the discharge of the trustee. Such a plea, therefore, is altogether irrelevant; so that we are brought to the consideration of the rejoinder, upon which the merits of the whole case will be found to depend.
It has been argued at the bar, that the rejoinder is bad ffir du *143 plicity; and whether it is so or not, must be determined by the construction to be given to the fourth section of the statute against fraud and perjury.
According to the construction contended for by the defendant’s counsel, a judgment creditor, after commitment of the debtor in execution, is not entitled to the benefit of the trustee process, unless he is able to show by evidence, independent of the oath of the trustee, that goods, effects, or credits, were deposited in his hands at the time of the commencement of the action; and that this had been first made known to the plaintiff after he had taken the debtor in execution.
If this be the true construction of the statute, it would seem difficult to avoid the objection of duplicity in the rejoinder; for one fact therein alleged is, that the plaintiff had notice of the rent due from the trustee to the principal before and at the time of the commitment ; and then, again, it is alleged that the same rent was assigned, bond fide, to a stranger, before the commencement of this suit, with an averment that no other effects or credits were ever deposited in the hands of the trustee, &c.; so that the rejoinder contains two independent facts, neither of which can be rejected as surplusage, since either of them, on the construction contended for, would be alone a sufficient bar to the action.
The defendant’s counsel therefore, to avoid this difficulty, must be compelled to yield one branch of his argument; and if we were of opinion that, according to the true construction of the statute, one of his propositions * is well founded, and the other not, then doubtless the fact introduced in support of such erroneous proposition might be rejected as surplusage. Whether the objection can be thus removed, we shall not undertake to determine, since we have been led to adopt a more liberal construction of the statute than ,the one contended for; and which is, in our opinion, more consistent with the probable intention of the legislature, and better suited to the ends of justice.
In the first place, then, we cannot believe that the legislature could have intended to compel a creditor, in a case like the present, or in any case, to pursue his remedy against a supposed trustee, at the hazard of losing his debt, should the trustee be able to discharge himself; because, frequently, the creditor can have no certain means of information. The principal and trustee may combine for the purpose of concealment; and that such may be the case, seems supposed by the course of proceedings prescribed by the statute giving the trustee process; for the prevention of which the trustee is put upon his oath. Besides, we find a provision in the same *144 statute which authorizes creditors generally to proceed to judgmern and execution, notwithstanding the discharge of the trustees, without turning them round to new actions. Nor do we see any reason why this provision should not be considered as applicable to a case like the present, as well as to cases of other creditors : the present process being given, it must be presumed to be given with all the privileges belonging to it, as described in the statute.
Further, the defendant, as has been before intimated, cannot be admitted to plead that there has been no deposit of goods, effects, or credits, in the hands of the trustee. This fact must be settled by the disclosure of the trustee. For if the principal were permitted to controvert it by the intervention of a plea, the plaintiff might be deprived of an important benefit; since, if the facts should be only known to the principal and the trustee, which may fre quently happen, the plaintiff * would have no means of maintaining the issue on his part, as the trustee could not be examined as a witness on the trial of an issue to the jury, unless first discharged from the suit.
That part of the rejoinder, therefore, which goes to controvert the existence of the trust or deposit in the hands of the trustee, must be adjudged irrelevant and inadmissible.
As to the remainder of the rejoinder, which alleges notice to the plaintiff before the commitment, although, at first view, it may seem a more plausible ground of defence, yet we are satisfied, from a careful examination of the statute, that it is not maintainable. The words of the statute are, “ that whenever a judgment creditor shall discover goods, effects, or credits, of his debtor that are unattachable by the common and ordinary process of law, he shall be entitled to process,” &c. This provision extends to all judgment creditors, and is not limited to cases where there have been commitments on execution.
Then at what time is the discovery here spoken of to be made ? The defendant contends that it must be after the commitment, in order to justify a trustee process commenced after such commitment. But it is not so said or implied in the statute, as we can perceive. The most that can be made of any limitation as to time is, that the discovery must be made after judgment is recovered.
The defendant’s counsel admits that the plaintiff, having notice of the deposit before and at the time of commitment, was then entitled to the present process; and certainly he was so entitled by the express words of the statute. This title was not lost by taking the debtor in execution, provided the plaintiff discharged him within seven days after commencing his action, as it seems he did. If *145 he had failed so to do, his writ would have abated, and the defendant would have been entitled to recover treble costs. A right of action, * clearly given, is not to be taken away by doubtful implication.
For these reasons, we are all of opinion that the rejoinder, in the first set of pleadings, is bad; and that the first plea in bar being also bad, the plaintiff is entitled to judgment.