## CUTTS *v.* KING.

Debt lies on a recognizance taken pursuant to *Stat.* 1782. *ch.* 21. [*Revised Statutes, ch.* 77. *sec.* 3.] as well *before* as *after* the expiration of the three years mentioned in the Statute.

If a debtor be committed in execution, and the creditor sue out a foreign attachment against his effects supposed to be in the hands of the person summoned as trustee, and thereupon release the body of the debtor from prison, pursuant to *Stat.* 1788. *ch.* 16. *sec.* 4. [*Revised Statutes, ch.* 61 *sec.* 16.] and the trustee is afterwards discharged, having no effects of the debtor;— yet the foreign attachment may still be prosecuted to final judgment against the debtor, and the release of his body is no discharge of the debt; but he may be taken again in execution by virtue of the judgment in the foreign attachment.

In this action, which was debt on a recognizance, entered into before a Justice of the Peace, pursuant to *Stat.* 1782. *ch.* 21. one *D. K.* was summoned as the trustee of the defendant; and denying, in his disclosure in the Court below, the possession of any goods, effects, or credits of the defendant at the time of the service of the writ, was there adjudged not to be trustee. The cause being then brought into this Court by demurrer, and the pleadings below being waived, the defendant pleaded, *first,* that the term of three years was not expired after the money mentioned in the recognizance became due, and before the commencement of the plaintiff's action; and *secondly,* that the plaintiff, having sued out his execution on the recognizance pursuant to the statute, and caused the defendant to be arrested and committed to prison thereon, did voluntarily discharge him from prison and permit him to go at large.

To the *first* plea there was a general demurrer, and joinder.

Cutts *v.* King.

To the *second* plea the plaintiff replied, that after the issuing of the execution, he discovered goods, effects, and credits of the defendant, in the hands of one *D. K.* which could not be attached by the common and ordinary process of law ; whereupon he sued out the original writ in this case, and within seven days after the service thereof he discharged the defendant from imprisonment, by a note or memorandum in writing, directed and delivered to the officer who had him in custody, stating the reason and occasion of his discharge. [*Vid. Stat.* 1788. *ch.* 16. *Revised Stat. ch.* 61. *sec.* 16.]

The defendant rejoined that the plaintiff did not, before the said discharge, nor at any other time, discover any goods, effects or credits of the defendant in the hands and possession of *D. K.* which could not be attached by the common and ordinary process of law.

To this rejoinder the plaintiff answered, that at the time of sueing out his writ, he had good and sufficient reason to believe, and did in fact believe, that *D. K.* had in his hands such goods, effects and credits of the defendant. To which surrejoinder the defendant demurred in law, assigning causes, and the plaintiff joined in demurrer.

*J. Holmes,* in support of the *first* plea, argued from *Stat.* 1782. *ch.* 21. *sec.* 5. that no action would lie on a recognizance of debt until after the lapse of three years from the time of payment. The remedy within that term is specially given, by an execution ; which the statute authorizes to be issued out of the regular course, and beyond the year to which, in other cases, it is limited. And the provision of this extraordinary remedy, indicates the intent of the Legislature to exclude every other.

As to the surrejoinder, it does not support the replication. Issue joined on the fact of *actual discovery* of effects, as mentioned in the replication, would be quite a different issue from any that could be formed upon his *belief* that he had discovered effects, as stated in the surrejoinder ; and this therefore is a departure from the replication. It is also an attempt by the plaintiff to place the right to liberate his debtor without discharging the debt, on a different basis from that on which alone it is placed by the *Stat.* 1788. *ch.* 16. *sec.* 4. By this statute, if

Cutts *v.* King.

a judgment creditor, having caused his debtor to be taken in execution, shall afterwards *discover effects* which might be subject to the process of foreign attachment, he may sue out that process, and discharge the debtor from prison, by a note in writing, specially stating the cause of discharge ; which, being thus made, shall not injure the validity of the original judgment. But the case at bar shews that here was no such discovery. The person summoned as trustee has testified that he had no such effects in his hands, and he has been discharged by judgment of law. The case, therefore, which the statute provides has never happened ; and of consequence the discharge from prison given by the plaintiff, not being protected by that statute, has the full effect of any other voluntary discharge of a debtor by his creditor ; and this, as the authorities abundantly shew, is a release of the debt.

Unless this construction be given to the statute, every creditor, at the trifling expense of such costs as a fictitious trustee might recover, may forever deprive poor debtors of all benefit of the laws for their relief. As often as he is summoned to shew cause why the debtor should not be liberated from prison, he may sue out a new writ, summon a nominal trustee, discharge the debtor by note under the statute, and imprison him again, by virtue of his new judgment ; thus harrassing an unfortunate debtor without limit or control.

*Shepley*, for the plaintiff, in support of the demurrer to the *first* plea, was stopped by the Court.

As to the surrejoinder, it is conceded to be bad ; but an earlier fault was committed by the defendant in his rejoinder. The true question presented by the second set of pleadings, viewing them as if terminating in a general demurrer, is, whether the plaintiff is entitled, upon the facts shewn, to the benefit of *Stat.* 1794. *ch.* 65. [*Revised Stat. ch.* 61.] or to the *trustee process*, as it is termed. This the defendant denies,contending that the plaintiff's right to discharge the person of his debtor *sub modo*, as provided by *Stat.* 1788. *ch.* 16. *sec.* 4. is to be limited to cases where he succeeds in obtaining a judgment against the supposed trustee. But the statute does not authorize this restriction. It is true that the latter statute, in express words, permits the action only " whenever any judgment creditor shall *discover* goods, effects or

Cutts *v.* King.

" credits of his debtor, that are unattachable by the common
" and ordinary process of law." Neither does the *Stat.* 1794.
*ch.* 65. in express terms authorize the trustee-process, unless
" against any person *having* any goods, &c. so entrusted and
" deposited in the hands of others that the same cannot be at-
" tached by the ordinary process of law :"—yet no person ever
supposed that if the plaintiff did not succeed in obtaining judg-
ment against the supposed trustee, the suit was therefore defeat-
ed.	This would be to suppose a case directly against the whole
spirit of the statute.	And there is the same, nay greater reason
for supporting the action when commenced as in the present
case, than when brought in the common and ordinary course;
—because, though the expressions of the statute are as strong
in its favour in the one case, as in the other, yet the mischiefs
which would ensue from a construction strictly literal are much
greater in the case at bar.	For when the action is commenced
in the usual manner, if the plaintiff does not succeed in charg-
ing the trustee, he only loses the trustee's costs;—his debt
against the principal is still good :—but in cases like the present,
upon the defendant's construction, if the plaintiff fails of ob-
taining judgment against the trustee, he loses his debt forever.
He makes the attempt to obtain his debt at the peril of losing
the whole, even by the perjury of the person summoned as
trustee.	But independent of the strong reason in favour of
this action, it is considered as resting with perfect security on
the authority of *Dunning v. Owen & trustee,* 14 *Mass.* 157.

MELLEN C. J. delivered the opinion of the Court, as follows.

By the second section of the *Stat.* 1782. *ch.* 21. the plaintiff
was entitled to an execution on the recognizance of the defend-
ant at any time within three years next after the debt thereby
secured became payable.	Before the expiration of that term
the present action was commenced ;—and the *first* plea is found-
ed on the position that no right of action then existed, because
the plaintiff was entitled to execution.	The statute gives the
counsel the same remedy, process, action and ex?.ution on such
recognizance, as are allowed, by law, on a judgment of a
Court of record.	It is clear that *debt* lies on a judgment, *with-
in, or after* the year.	*Com. Dig. Debt, A.* 2.	The same prin-

ciple is recognized in the case of *Clark v. Goodwin*, 14 *Mass.* 237. So that if the case before us were not an action against *King and his trustee*, but a common suit against *King* only, the first plea in bar must be considered insufficient.

The facts stated in the second plea, unless avoided by the replication, furnish a legal bar to the action. But on comparing the replication with the provisions of *Stat.* 1788. *ch.* 16. *sec.* 4. [*Revised Statutes ch.* 61. *sec.* 16.] on which it is founded, it presents facts which completely avoid the plea in bar, provided those facts are true, or of such a nature as not to be traversable in the manner attempted by the rejoinder. It is unnecessary to bestow any attention on the surrejoinder; which the plaintiff's counsel frankly admits to be a departure from the replication, and wholly insufficient.

The whole question then depends on the merits of the rejoinder;—in other words it is this,—is it competent for the defendant in *this manner, and independent of the disclosure of the trustee*, to put in issue the existence of effects and credits in the hands of the trustee? The design of the provision in the Statute of Frauds would be defeated if such a course could be legally pursued by the defendant; and we are satisfied that the present action cannot be barred in this manner.

The intent of the law was to give a creditor, whose debt was in execution, an opportunity to make an experiment to save the debt by collecting it from funds which he might believe were deposited in the hands of some trustee, so as to be unattachable by the ordinary process of law. But it was not considered proper that the debtor should be continued in prison while the creditor was making this experiment. The statute therefore provides for the release of the debtor from confinement; and that this release shall not discharge or impair the validity of the judgment. When the experiment on the trustee-process proves unsuccessful and useless, the debtor's body may again be arrested, and committed on the execution issued upon a new judgment which may be rendered upon such process. As no person may know of the existence of effects and credits in the hands of the trustee, but the trustee himself, his *oath* must have been considered as the proof to which a plaintiff in the process should be entitled. But in the case at

bar, the rejoinder is interposed to stop him *in limine*, and to deprive him of the power of obtaining this proof. The rejoinder therefore is bad;—and not being well pleaded, the facts therein stated are not admitted.

Most of the facts in the case of *Dunning v. Owen and trustee*, 14 *Mass.* 157. are similar to those in the case before us:—and the principles settled in that case are direct authorities for our decision in this. It presents a clear and learned construction of the two statutes to which the Court referred ; and we are well satisfied of the correctness of that decision.

The *first plea* in bar, and the *rejoinder* in the *second* set of pleadings are adjudged *bad and insufficient*, and there must be

*Judgment for the Plaintiff.*