NATIONAL LABOR RELATIONS BOARD
v. CLINTON E. HOBBS CO.

No. 3817.

Circuit Court of Appeals, First Circuit.

Dec. 29, 1942.

250

Louis Libbin, Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, Gerhard P. Van Arkel, Asst. Gen. Counsel, and Maurice R. Kraines, Attys., all of Washington, D. C., for National Labor Relations Board.

Richard C. Sheppard, of Boston, Mass., for respondent.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

This is a petition by the National Labor Relations Board for enforcement of its order against the Clinton E. Hobbs Company dated May 30, 1942. 49 Stat. 454, 29 U.S.C.A. § 160.

The unfair labor practices found by the Board were (1) refusal to bargain with District 38, Lodge 264, International Association of Machinists (A. F. of L.), as the exclusive representative of all the production and maintenance employees, exclusive of supervisory and clerical employees and chain makers; (2) the discriminatory discharge of one Anthony Coviello; and (3) interference with, restraint and coercion of its employees in the exercise of the rights guaranteed in § 7 of the Act, 29 U.S.C.A. § 157, by questioning them concerning their activity on behalf of, and their membership in, the union. Upon the basis of these findings the Board issued a cease and desist order in the usual terms. Also, the Board ordered respondent, upon request, to bargain collectively with the said union as the exclusive representative of its employees in the described unit; to make Coviello whole for any loss of pay suffered by reason of the discriminatory discharge,[1] and to post appropriate notices.

From an examination of the record, we conclude that the Board, on conflicting evidence, was warranted in finding that

---

[1] Reinstatement was not ordered because Coviello had signified to the Board that he did not desire to get his job back.

Coviello was discharged on account of his union activity, and in finding that respondent interfered with, restrained and coerced its employees in the exercise of their statutory rights by questioning them concerning their activity on behalf of, and their membership in, the union.

We also sustain the Board as to the § 8(5), 29 U.S.C.A. § 158(5), violation.

The union obtained the signatures of 11 out of 18 of the employees in the unit to cards designating the union as their representative for purposes of collective bargaining. There was evidence from which the Board was warranted in finding that officials of the union thereafter requested Edwin Hobbs, president of respondent, to recognize the union as the exclusive bargaining representative for the employees in the unit; that Hobbs had no genuine doubt of the union's having obtained a majority; that Hobbs, upon pretext of wanting to consult counsel, declined a proposal to have the signed cards checked at the regional office of the Labor Board for the purpose of substantiating the union's claim; that Hobbs, upon the same pretext, declined a proposal of a consent election.

The statutory duty of an employer to bargain collectively with the duly chosen bargaining agent of his employees involves at the outset a duty to recognize such agent as the exclusive representative of all the employees in the appropriate unit. National Licorice Co. v. National Labor Relations Board, 1940, 309 U.S. 350, 358, 60 S.Ct. 569, 84 L.Ed. 799; Bethlehem Shipbuilding Corp. v. National Labor Relations Board, 1 Cir., 1940, 114 F.2d 930, 941. As the court said in McQuay-Norris Mfg. Co. v. National Labor Relations Board, 7 Cir., 1940, 116 F.2d 748, 751, "There could be no genuine bargaining as contemplated by the Statute until complete recognition had been granted as the Act requires." In National Labor Relations Board v. New Era Die Co., 3 Cir., 1940, 118 F.2d 500, 504, it is said, "It has been held that it is a bargaining representative's duty, when an employer in good faith questions its majority status, to offer, and it is the employer's duty to accept, some reasonable method for ascertaining the truth of the representative's claim." To the same effect see National Labor Relations Board v. Moltrup Steel Products Co., 3 Cir., 1941, 121 F.2d 612, 618; National Labor Relations Board v. Schmidt Baking Co., 4 Cir., 1941, 122 F.2d 162, 164; National Labor Relations Board v. Dahlstrom Metallic Door Co., 2 Cir., 1940, 112 F.2d 756, 757. Respondent failed in its duty in this respect.

When the union demand for recognition was made, it does not appear that Hobbs raised any question as to the appropriateness of the bargaining unit as a ground for withholding recognition. At the hearing before the Board respondent contended that "the entire plant" constituted the appropriate unit. In its decision the Board states that no evidence was offered by respondent at the hearing, and no reasons were stated in its brief, in support of this contention. There was no history of collective bargaining at the plant on the basis of including all the employees in one single unit; in fact it does not appear that there had ever been any collective bargaining at all. The Board found that all production and maintenance employees of respondent, exclusive of supervisory and clerical employees and chain makers, constituted a unit appropriate for the purposes of collective bargaining. Chain makers were excluded because they were not eligible to membership in the Machinists Union but came under the jurisdiction of the Drop-Forge Blacksmiths and Helpers of America, also affiliated with the American Federation of Labor. Supervisory and clerical employees are customarily excluded from units embracing production and maintenance employees. No other union was making conflicting or overlapping claims to representation. The Board has a wide discretion in determining the unit. We cannot say that the finding of the Board as to the appropriate unit was clearly arbitrary and without support in the evidence; hence the finding must be sustained. See National Labor Relations Board v. Lund, 8 Cir., 1939, 103 F.2d 815, 819; Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 1940, 113 F.2d 698, 701, affirmed 1940, 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251.

The union had obtained the authorization of 11 employees out of a total of 18 in the unit. Hence, under the Act, it was the exclusive bargaining representative of all the employees in the unit.

The Board's order directs respondent "upon request" to bargain collectively with the union. Respondent contends that the Board is not entitled to a decree enforcing this portion of the order without establishing before us that respondent is in disobedience of the order, which would involve

proof that after the issuance of the Board's order the union made a request for bargaining negotiations and the company declined. This contention is clearly untenable. If the Board's order was proper on the record before it the Board does not have to litigate in this court issues of fact as to whether the employer has complied with the order, as a condition of obtaining an enforcement decree. Southport Petroleum Co. v. National Labor Relations Board, 1942, 315 U.S. 100, 106, 62 S.Ct. 452, 86 L.Ed. 718; National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 1938, 303 U.S. 261, 271, 58 S.Ct. 571, 82 L.Ed. 831, 115 A.L.R. 307; National Labor Relations Board v. Swift & Co., 8 Cir., 1942, 129 F. 2d 222, 224. See also Consolidated Edison Co. v. National Labor Relations Board, 1938, 305 U.S. 197, 230, 59 S.Ct. 206, 83 L.Ed. 126. This is made abundantly clear by reference to the legislative history of the National Labor Relations Act, 29 U.S.C. A. § 151 et seq. See the conference report, H. Rep. No. 1371, 74th Cong., 1st Sess. p. 5.

In its answer to the Board's petition respondent urges that this court should deny enforcement of that part of the order requiring respondent to bargain collectively with the union "for the reason that there are only three of the original signers of the authorization cards in the original instance presently in the employ of said corporation, the other employees who had previously signed said authorization either having voluntarily left the employ of the said corporation or entered the armed forces of the United States." To dispose of this contention, we need only refer to National Labor Relations Board v. P. Lorillard Co., 1942, 314 U.S. 512, 62 S.Ct. 397, 86 L.Ed. 380, and cases cited.

A decree will be entered enforcing the order of the Board.