**NATIONAL LABOR RELATIONS BOARD
v. DRAPER CORPORATION.**

No. 4229.

Circuit Court of Appeals, First Circuit.

Feb. 4, 1947.

Marcel Mallet-Prevost, of Washington, D. C. (A. Norman Somers, Asst. Gen. Counsel, of Washington, D. C., on the brief), for petitioner.

Warren D. Oliver, of Boston, Mass. (Henry V. Atherton, of Boston, Mass., on the brief), for respondent.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

The pending proceeding was initiated by a petition filed by the National Labor Relations Board for enforcement of its order against the Draper Corporation issued August 2, 1946. 49 Stat. 454, 29 U.S.C.A. § 151 et seq.

It appears from the transcript that, after the Board had issued its complaint charging respondent with unfair labor practices, a "Settlement Stipulation" dated July 25, 1946, was executed by representatives of respondent, of the union which had filed the charges of unfair labor practices, and of the Board. The stipulation was stated to be subject to the approval of the Board, which approval was subsequently given.

The jurisdictional facts relating to respondent's business were set forth in the stipulation in some detail. Paragraphs 14 and 16 of the stipulation read as follows:

"14. The Respondent hereby waives the right to file an answer to the Complaint herein and the Amendment thereof and the Respondent and the Union hereby waive in the above-entitled proceeding the right to a hearing, to the taking of testimony or other evidence before a Trial Examiner, to oral argument on any of the allegations of the Complaint herein and the Amendment thereof, to the making of findings of fact and conclusions of law by the Board, and to any other or further proceedings preliminary to the issuance of an order by the Board herein to which they may be entitled under the Act and the Rules and Regulations of the Board."

"16. The Respondent denies that it has violated the Act and more particularly any provisions of the Act as alleged in the Second Amended Charge, and the Complaint herein and the Amendment thereof. Nevertheless, for the purpose of disposing of this proceeding in an amicable and ex-

peditious manner, the Respondent stipulates and agrees that the Board has accumulated and has in its possession ready for presentation at any hearing which may be conducted in this proceeding by the Board, substantial evidence sufficient to warrant findings of fact to support the allegations of the Complaint and the Amendment thereof, and that the Board may enter an order containing the provisions hereinafter set forth."

Then followed, in paragraph 17, the text of the order which it was agreed the Board might enter. Paragraph 18 of the stipulation was as follows:

"18. The Respondent agrees that if the Board should petition a Circuit Court of Appeals or a District Court of the United States pursuant to Section 10(e) oɪ the Act for the enforcement of a Board order entered in accordance with the stipulation and agreement contained in Paragraph 17 above, the Respondent will not interpose any defense to the issuance of an enforcement decree based on the inadequacy of evidence upon which said Board order is predicated nor on the ground that the violations alleged in the Complaint and the Amendment thereof have not been legally proved. Respondent reserves the right to oppose entry of a decree upon the grounds that it has complied with the af-

firmative provisions of said Board order, that it is not engaging in the practices enjoined in Paragraph 1 of said Board order and that no violation of Paragraph 1 of said Board order is threatened or proposed by the Respondent. The Board reserves the right to contend that compliance with a Board order is not a valid defense to entry of a decree of enforcement."

Pursuant to the stipulation the Board, on August 2, 1946, entered its order in the exact terms that had been agreed upon. The text of the order, so far as is now material, is copied in the footnote.[1]

After filing its petition for enforcement of the order, the Board submitted a motion which is now before us for disposition. The motion asked for the entry of a decree forthwith enforcing the Board's order "without requiring the printing of the pleadings before the Board and the Board's decision and order and the submission of a brief and appendix, as provided for in Rules 24 and 25 of this Court, and without requiring the presentation of oral argument," on the ground that, in view of the terms of the stipulation, summary enforcement would be appropriate. Respondent filed objections to the motion, to which objections the Board filed a memorandum in reply. We set the motion down for oral argument on January 7, 1947, on which

[1] "Order

"Upon the basis of the above findings of fact, the stipulation, and the entire record in the case, and pursuant to Section 10 (c) of the National Labor Relations Act, the National Labor Relations Board hereby orders that respondent, Draper Corporation, Hopedale, Massachusetts, its officers, agents, supervisory employees, successors and assigns shall:

"1. [This paragraph contained a cease and desist order in the usual form.]

"2. Take the following affirmative action to effectuate the policies of the Act:

"(a) Offer to William L. Wilkinson, Salvatore Panorese and Primo Giacomelli immediate and full reinstatement to their former or substantially equivalent positions without prejudice to their seniority and other rights and privileges;

"(b) Make whole the loss of pay suffered by William L. Wilkinson, Salvatore Panorese and Primo Giacomelli, by payment to each of them of a sum of money

equal to that which each of them would normally have earned from the date of their discharge or transfer to the date of their actual reinstatement, less in each case their net earnings during the same period;

"(c) Post at its plant in Hopedale, Massachusetts, copies of Notice attached hereto, said copies of Notice after being duly signed by respondent, Draper Corporation, shall be posted and maintained by it for sixty (60) consecutive days thereafter in conspicuous places including all places where notices to employees are customarily posted, and also by each time clock. The respondent shall take all steps necessary to insure that such Notices are not altered, defaced or covered by any other material;

"(d) Notify the Regional Director for the First Region in writing within ten (10) days of the date of this Order the steps taken by respondent to comply herewith."

date counsel for the Board and for the respondent appeared and were heard upon the motion.

■ It is respondent's position that, while by stipulation it agreed to the entry of the Board order, it did not agree not to contest the entry of an enforcement decree. In paragraph 18 of the stipulation it has agreed not to contest the issuance of an enforcement decree on the ground of inadequacy of the evidence on which the Board's order is predicated. But respondent has reserved "the right to oppose entry of a decree upon the grounds that it has complied with the affirmative provisions of said Board order, that it is not engaging in the practices enjoined in Paragraph 1 of the said Board order and that no violation of Paragraph 1 of said Board order is threatened or proposed by the Respondent." This reserved point has already been decided by this court adversely to respondent's contention in N.L.R.B. v. Clinton E. Hobbs Co., 1 Cir., 1942, 132 F.2d 249, to which ruling we adhere. In the opinion in that case (132 F.2d at page 252) we said:

"If the Board's order was proper on the record before it the Board does not have to litigate in this court issues of fact as to whether the employer has complied with the order, as a condition of obtaining an enforcement decree. Southport Petroleum Co. v. National Labor Relations Board, 1942, 315 U.S. 100, 106, 62 S.Ct. 452, 86 L.Ed. 718; National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 1938, 303 U.S. 261, 271, 58 S.Ct. 571, 82 L.Ed. 831, 115 A.L.R. 307; National Labor Relations Board v. Swift & Co., 8 Cir., 1942, 129 F.2d 222, 224. See also Consolidated Edison Co. v. National Labor Relations Board, 1938, 305 U.S. 197, 230, 59 S.Ct. 206, 83 L.Ed. 126. This is made abundantly clear by reference to the legislative history of the National Labor Relations Act. 29 U.S.C.A. § 151 et seq. See the conference report, H.Rep. No. 1371, 74th Cong., 1st Sess., p. 5."

■ Respondent also asserts that a disagreement has arisen between it and the Board as to the meaning of paragraph 2(a) of the order, requiring it to offer to three named employees "immediate and full reinstatement to their former or substantially equivalent positions without prejudice to their seniority and other rights and privileges." It therefore suggests that our enforcement decree should not follow literally the terms of the Board's reinstatement order but should be appropriately rephrased so as to put beyond doubt or ambiguity the obligation to be imposed upon respondent, citing J. I. Case Co. v. N.L.R.B., 1944, 321 U.S. 332, 341, 64 S.Ct. 576, 88 L.Ed. 762. Respondent's point is that the reinstatement order gives it an option and that its obligation thereunder is satisfied if it offers the men substantially equivalent positions. The language of the reinstatement order is in the standard form which has long been in use by the Board. See Matter of Kuehne Mfg. Co., 1938, 7 N.L.R.B. 304, 327. It has been consistently construed by the Board to require reinstatement of the employee to his former position wherever possible, but if such position is no longer in existence then to a substantially equivalent position. See Matter of Chase National Bank of City of New York, 1946, 65 N.L.R.B. 827, 829. This interpretation is in conformity with the underlying policy of § 10(c) of the Act, which contemplates "a restoration of the situation, as nearly as possible, to that which would have obtained but for the illegal discrimination." Phelps Dodge Corp. v. N.L.R.B., 1941, 313 U.S. 177, 194, 61 S.Ct. 845, 852, 85 L.Ed. 1271, 133 A.L.R. 1217. We think that when respondent agreed to the entry of a reinstatement order in the usual terms, it must be held to have accepted the order with its encrusted meaning.

■ At the oral argument, counsel for respondent argued that, in the ultimate determination of the amount of back pay to be paid the employees under paragraph 2 (b) of the order, a question might arise as to whether deduction should not be made not only for the actual net earnings of the employees elsewhere during the period they were deprived of employment with respondent, but also for amounts which the workers failed without excuse to earn in other available employment; and that in our enforcement decree the language of paragraph 2(b) of the order should be amended so as to provide specifically for

such deductions. See Phelps Dodge Corp. v. N.L.R.B., supra, 313 U.S. at pages 197–200, 61 S.Ct. at pages 853–855, 85 L.Ed. 1271, 133 A.L.R. 1217.

This latter point was not reserved by respondent in the stipulation; and it may well be the fair interpretation of the stipulation that respondent is at liberty to contest the entry of an enforcement decree only upon the one point specifically reserved in the stipulation, as set forth above. We need not rest on this ground, however. Section 10(e) of the Act, 49 Stat. 454, 29 U.S.C.A. § 160(e), provides: "No objection that has not been urged before the Board, its member, agent or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." In N.L.R.B. v. Cheney California Lumber Co., 1946, 327 U.S. 385, 66 S.Ct. 553, the respondent company had failed to file with the Board any exceptions to the intermediate report of the trial examiner which had made specific recommendations for a cease and desist order in broad terms. The Board entered the recommended order and applied for an enforcement decree. It was held that the respondent was precluded by § 10(e) of the Act from challenging in the circuit court of appeals the breadth of the cease and desist order. In its opinion the court stated (327 U.S. at page 389, 66 S.Ct. at page 554): "By this provision, Congress has said in effect that in a proceeding for enforcement of the Board's order the court is to render judgment on consent as to all issues that were contestable before the Board but were in fact not contested." In the present case, not only did respondent fail to raise objection before the Board to the terms of the order; it agreed by stipulation to the entry of the order in the very terms it now seeks to have us modify.

■ It may be that, after the entry of our enforcement decree, a disagreement may arise as to the exact amount of back pay due in accordance with the terms of the order and decree. In such a situation, the question then would be presented whether the disputed matter should be determined in accordance with the procedure followed in N.L.R.B. v. Reed & Prince

Mfg. Co., 1 Cir., 1942, 130 F.2d 765, in which case we ourselves determined the amount of back pay upon a petition by the Board to adjudge respondent in civil contempt, or whether we should adopt the procedure followed in N.L.R.B. v. New York Merchandise Co., Inc., 2 Cir., 1943, 134 F.2d 949, in which the court, after entering an enforcement decree in the general terms of the Board's order, referred the disputed matter back to the Board as the original tribunal charged with the duty of giving further precision to the respondent's affirmative obligation. But as both those cases indicate, the possibility of such further dispute arising is no ground for withholding an enforcement decree upon the Board's petition until the exact amount of the back pay is determined.

If, after the entry of an enforcement decree imposing an obligation expressed in terms of a general formula, a bona fide dispute should arise as to the precise obligation of the respondent when the formula comes to be applied to a particular set of facts, there would in such a case be no danger that the respondent would be adjudged in criminal contempt until, after appropriate procedure, the respondent's obligation is determined with the requisite precision and ultimately embodied in a supplemental decree of the enforcement court. That is true under the procedure recommended by the Second Circuit in N.L.R.B. v. New York Merchandise Co., Inc., supra. It is also true under the procedure we followed in N.L.R.B. v. Reed & Prince Mfg. Co., supra. The proceeding in civil contempt initiated by the Board in the latter case was remedial in purpose, not punitive. It pointed toward a determination by this court of the amount of back pay due under the terms of the original enforcement decree and entry of a supplementary decree fixing the precise obligation of the respondent in the circumstances presented. A contumacious disregard of that supplementary decree would have rendered the respondent liable to punishment in a separate and independent proceeding at law for criminal contempt.

■ One further matter remains. The stipulation, and the Board's order entered pursuant thereto, prescribed a form of no-

tice to be posted by respondent in its plant. In its petition for enforcement, the Board prays that this court, in decreeing the form of notice to be posted, shall insert therein a recitation of the fact that the Board's order has been enforced by a decree of this Court. It has not been our practice in enforcement decrees to add any such language to the terms of the notice prescribed by the Board's order; we believe it to be the fact that this is the first time the Board has made such a request of us. It may be that requirement of posting a notice in the form requested by the Board would be appropriate in some contested cases. But here, as respondent points out, it waived a hearing by the Board upon the charges of unfair labor practices pursuant to a stipulation in which the precise form of notice to be posted was prescribed. It is our view that under these circumstances it would be improper for our decree to require a different form of notice to be posted.

A decree will be entered enforcing the order of the Board.