## NATIONAL LABOR RELATIONS BOARD v. BIRD MACH. CO.

### No. 4219.

United States Court of Appeals
First Circuit.
May 12, 1949.

Leo J. Halloran, Atty., National Labor Relations Board, of Boston, Mass., for petitioner.

Allan Seserman, of Boston, Mass., for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY, Circuit Judge.

MAGRUDER, Chief Judge.

The motion now pending is an aftermath of National Labor Relations Board v. Bird Machine Co., 1 Cir., 1947, 161 F.2d 589.

We there granted the petition of the Board for enforcement of its order against respondent issued January 9, 1946. Our decree of May 20, 1947, incorporating by reference the terms of the Board's order, directed, among other things, that respondent should take the following affirmative action:

"(a) Offer Gilbert I. Favor immediate and full reinstatement to his former or a substantially equivalent position, without prejudice to his seniority or other rights and privileges;

"(b) Make whole Gilbert I. Favor for any loss of pay that he may have suffered by reason of the discrimination against him, by payment to him of a sum of money equal to the amount that he normally would have earned as wages from the date of his discharge to the date of the respondent's offer of reinstatement, less his net earnings during such period;

"(c) Post at its plant at Walpole, Massachusetts, copies of the notice attached hereto, marked 'Exhibit A.' Copies of said notice, to be furnished by the Regional Director of the First Region, after being signed by the respondent's representative, shall be posted by the respondent immediately upon the receipt thereof, and maintained by it for sixty (60) consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to insure that said notices are not altered, defaced, or covered by any other material. Also, publish a copy of said notice in the next issue of the plant paper, the 'Bird's Eye-View,' and distribute such issue through the usual channels of circulation."

Now comes the Board and moves for the entry of an order authorizing the Board to hold a further hearing "for the purpose of making specific findings and orders implementing the general remedial provisions embodied in the decree of the Court heretofore rendered herein." It is recited in the motion: "Respondent has reemployed said Favor but has not made any payment of back pay. Although representatives of the Board and respondent have attempted to resolve informally their differences concerning the adequacy of Favor's reinstatement, the amount of back pay to which Favor is entitled, and the form and sufficiency of the posting of copies of the 'Notice to All Employees' required by the said decree, no agreement has been reached." We are therefore requested to authorize the Board "to hold a hearing, make supplemental findings and render an appropriate supplemental decision and order respecting the remedial action to be taken by the respondent in the light of the circumstances now existing, including findings and order concerning the amount of back pay to be paid to Gilbert I. Favor, the specific action to be taken by the respondent with respect to reinstatement of said Gilbert I. Favor and the specific rights and privileges to which he is entitled, and the form and sufficiency of the posting of copies of the 'Notice to All Employees' required by the decree of this Court."

In considering what disposition we should make of the pending motion, we express our agreement with the following remarks of the court in Wallace Corp. v. N.L.R.B., 4 Cir., 1947, 159 F.2d 952, 954:

"The order of the Board which we have heretofore ordered enforced does not specifically provide what amounts are to be paid to the employees named or what positions are to be tendered to them, but covers these matters in general terms. General orders of this sort entered by the Board with respect to back pay and reinstatement manifestly contemplate further administrative action on its part, i. e. determination of the exact amount of· back pay to be tendered and determination as to what positions are available and substantially equivalent for the purposes of the reinstatement ordered. Such general orders are analogous to interlocutory judgments of courts fixing liability but leaving for future determination questions as to amount of liability; and our decrees affirming or enforcing them are analogous to our affirmance of interlocutory judgments on appeal. After the general order of the Board for back pay and reinstatement is affirmed or ordered enforced by us, the

Board must work out the details of reinstatement and of the amounts to be paid as back pay under the general provisions of the order. This can ordinarily be done by negotiation; but, if controversy arises, the facts must be found by the Board, the body to which Congress has committed the administrative process."

We agree further, as stated in Home Beneficial Life Ins. Co. v. N.L.R.B., 4 Cir., 1949, 172 F.2d 62, that upon the entry of our original enforcement decree the Board had full power, without additional direction from us, to hold a further hearing for the purpose of making specific findings and orders implementing the general remedial provisions of an interlocutory character embodied in the earlier order of the Board. To that extent, the present motion is really unnecessary.*

■ We have one qualification with reference to the further hearing which the Board proposes to conduct as to the adequacy of respondent's action in reinstating Favor. As we pointed out in N.L.R.B. v. Draper Corp., 1 Cir., 1947, 159 F.2d 294, 297, the reinstatement provision of the Board's order, which we have directed to be enforced, requires "reinstatement of the employee to his former position wherever possible, but if such position is no longer in existence then to a substantially equivalent position." In other words, if Favor's old position is still in existence, our earlier decree, without the need of supplemental definition, specifically commands that respondent offer Favor reinstatement to that position. If it is the Board's contention that though the old position remains in existence, respondent has failed to offer Favor reinstatement to that position, the issue thus tendered is whether respondent is in contempt of our decree. Determination of

questions of fact on this issue is not a proper administrative function of the Board but becomes the function of this court in contempt proceedings. See Wallace Corp. v. N.L.R.B., supra, 159 F.2d 952, at page 954. But in the Wallace case the court was dealing with a situation where the department in which the discriminatorily discharged employees had previously worked had been abolished. It was therefore proper for the Board to have a further administrative hearing on questions as to whether there were substantially equivalent positions in the company's service, and as to what action should be taken, in view of changed conditions, to wipe out the effects of the unfair labor practices; such hearing having in contemplation supplemental findings by the Board, appropriate modification of the Board's previous order, and an application to the court for modification of the general terms of its earlier decree so as to give enforcement to the Board's order as modified and made more specific in the light of the supplemental findings. We are unable to tell from the present motion the nature of the issues with reference to the adequacy of Favor's reinstatement which the Board contemplates trying out in its further hearing. We think we have said enough to indicate to the Board the proper scope of such further hearing.

■ As above stated, the Board also asks leave to hold a further hearing with reference to the form and sufficiency of the notice required to be posted. The Board's original order in this respect was not interlocutory in character. The exact form and contents of the notice were prescribed in the order. Unlike the provision of the order requiring respondent to make the employee whole for any pecuniary loss.

---

* In N.L.R.B. v. Reed & Prince Mfg. Co., 1 Cir., 1942, 130 F.2d 765, we ourselves determined the specific amount of back pay to be award.d, upon a petition by the Board to adjudge respondent in civil contempt of our orig'nal decree. Upon further reflection, we are satisfied that the proper procedure is for the Board to implement its interlocutory order for back pay expressed in terms of a general formula, by making adminis- trative findings and a supplemental order as to the net amount to be paid to the employees ordered to be reinstated, followed, if the Board be so advised, by a petition to the court for enforcement of such supplemental order. See N.L R.B. v. New York Merchandise Co., Inc., 2 Cir., 1943, 134 F.2d 949. Cf. N.L.R.B. v. Draper Corp., 1 Cir., 1947, 159 F.2d. 294, 298.

he may have suffered by reason of the discriminatory discharge, which was expressed in terms of a general formula, the order for the posting of a notice called for compliance forthwith, and did not need any supplemental findings or order defining the obligation more precisely. Likewise, our earlier decree directing the posting of the specified notice called for compliance forthwith. We understand from counsel for the Board that it is the Board's intention to establish that respondent did not post copies of the notice furnished by the Regional Director, as specifically required by the Board's order and our enforcing decree, but took upon itself to post its own typewritten copies of the notice, which typewritten copies were not as conspicuous or impressive as the forms of the notice customarily furnished by the Regional Director. If this is so, the matter is one for our determination in contempt proceedings; and if we should find that respondent has violated the specific terms of our decree as to the posting of the notice, it will be for us to determine what further steps respondent must take to purge itself of contempt. Such matter is not appropriate to be remitted to the Board for administrative determination.

■ Respondent has filed a memorandum in opposition to the Board's pending motion. The memorandum refers to an alleged tentative settlement of outstanding issues arrived at by negotiations between counsel for respondent and the Board's Chief Enforcement Attorney; and respondent suggests that such agreement ought to be honored by the Board. However, on the face of respondent's memorandum it is apparent that such tentative agreement was subject to approval by the Board, and there is no showing that the Board has ever approved the agreement. The proper disposition of the pending motion is therefore in no way affected by the allegations in respondent's memorandum.

An order will be entered granting the Board's motion to the extent above indicated, and otherwise denying the same.