## NATIONAL LABOR RELATIONS BOARD v. WENTWORTH BUS LINES,
### Inc., et al.
### No. 4588.

United States Court of Appeals
First Circuit.

Oct. 16, 1951.

Argued by Marshall J. Seidman, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Frederick U. Reel, all of Washington, D. C., with him on brief), for petitioner.

Walter A. Calderwood and Hughes & Burnes, all of Dover, N. H., submitted on memorandum, by leave of Court, for respondents.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has found that respondents committed various unfair labor practices in violation of §§ 8 (a) (1) and 8(a) (3) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 158(a) (1, 3). It entered its order in the usual form directing (1) that respondents cease and desist from further unfair labor practices, (2) that respondents reinstate with back pay four employees found to have been discriminatorily discharged, and (3) that respondents post appropriate notices.

The Board petitioned this court for enforcement of its order, supporting the petition by a written brief and oral argument. Respondents submitted the case without filing a brief or making an oral argument.

We have satisfied ourselves that respondents are subject to the jurisdiction

of the Board; that the Board's findings of fact are supported by substantial evidence on the record considered as a whole; and that the terms of the Board's order are within the authority of this administrative agency.

 Respondents filed with us a brief memorandum stating that if this court should see fit to enter an enforcement order "it would be greatly appreciated if the order would include the right to have the evidence with reference to the amount due each of the workers heard either by a judge of the court or a master so that the respondents may have an opportunity to interrogate the claimants and present evidence concerning the earnings which they have had." We will not follow this suggestion. The appropriate procedure in the subsequent stages of a case like this was fully set forth and explained in our opinion in N.L.R.B. v. Bird Machine Co., 1 Cir., 1949, 174 F.2d 404.

A decree will be entered enforcing the order of the Board.