NATIONAL LABOR RELATIONS BOARD v. NEWSPAPER & MAIL DELIVERERS' UNION OF NEW YORK AND VICINITY et al.

No. 43, 44, Dockets 22022, 22023.

United States Court of Appeals Second Circuit.

Argued Nov. 7, 1951.

Decided Nov. 30, 1951.

George J. Bott, David P. Findling, A. Norman Somers, Bernard Dunau and Benjamin A. Theeman, all of Washington, D. C., and Samuel M. Kaynard, New York City, for National Labor Relations Board.

Samuel Duker, New York City, for Newspaper and Mail Deliverers' Union of New York and Vicinity.

Before SWAN, Chief Judge, FRANK, Circuit Judge, and COXE, District Judge.

FRANK, Circuit Judge.

The National Labor Relations Board is petitioning for enforcement of cease-and-desist orders including remedial provisions for back pay to injured applicants for employment in two companion cases arising out of alleged discriminatory hiring practices of major New York publishers. The facts are set forth in the Board's decisions at 93 N.L.R.B. Nos. 42 and 73.

## I. The Journal-American case.

■ 1. The Union has been found guilty of violating § 8(b) (2) and (1) (A) of the National Labor Relations Act, 29 U.S.C.A. § 158(b) (2), (1) (A), by attempting to cause and causing the Hearst Publications illegally to prefer union men in assigning work to job applicants. The Union attacks the Board's order generally on the ground that there is insufficient evidence to support the finding of guilt, and, more specifically, on the ground that the Board cannot insert a provision in the order calling for back pay when there is evidence of only sporadic violations of the Act with no day-to-day record of the existence and extent of the preferences. There was certainly sufficient evidence in the testimony of Burnbaum, the foreman and others to support a cease-and-desist order against the Union and Hearst, and such an order could call generally for restitution to those applicants shown to have been injured by discriminatory prac-

tices. We are not called upon at this point to decide whether the evidence supports any specific back-pay awards to compensate particular individuals for discrimination on particular days. If the Union wishes to challenge the amount of any such back pay awards when they are made to particular individuals, it can do so; and the evidence will be reviewed at that time and in that context.

■ 2. It is also argued that the Board cannot order both the Union and Hearst to compensate these individuals jointly and severally. We are in accord with the holding in Union Starch and Refining Company, 7 Cir., 186 F.2d 1008, that the Board may impose such joint and several liability when both the Union and the employer have engaged in the discriminating practices. It is further argued that Hearst cannot be found guilty of violating the Act or be ordered to compensate injured employees because it engaged in such practices only under union coercion, threats of strikes, and actual strikes. Economic coercion is no excuse for violating the Act; we have already so decided in similar situations. N. L. R. B. v. National Broadcasting Co., 2 Cir., 150 F.2d 895, 900.

## II. Herald Tribune Case.

■ ■ 3. There is evidence to support the Board's finding that the Union caused and attempted to cause the Herald Tribune to engage in the same discriminatory hiring practices involved in the Journal-American case. Here, however, the Board settled with the Tribune management out of court, and made no finding of discrimination or order against the Tribune. The Union argues that, unless the Board makes an actual finding of discrimination against the Tribune, it cannot find that the Union caused the Tribune to discriminate. The Board itself, in a prior decision, National Union of Marine Cooks and Stewards, C.I.O. (George C. Quinley), 92 N.L.R.B. No. 147, decided to the contrary, and we think correctly. The Act encourages the Board to settle complaints before entering a cease-and-desist order.

Furthermore, we recognize the necessity of allowing the Board to make a finding that a union has caused a violation of Section 8(a) (3) in a case where complaint is made only against the union and not against the company. We find nothing to limit such power where, as here, complaints happen, in fact, to be made against both union and company. Settlement with one of the joint offenders is a matter within the Board's discretion.

■ 4. The Board correctly found a violation of § 8(b) (1) (A) where Union agents persuaded non-union applicants to forego present employment in return for a promise of quick entry into the union, when such bargains were made against a background of threats to strike if the non-union men refused.

Enforcement decreed.