## NATIONAL LABOR RELATIONS BOARD v. VENETIAN BLIND WORKERS' UNION LOCAL 2565, etc. AFL.
### No. 13261.

United States Court of Appeals
Ninth Circuit.

Sept. 18, 1953.

of the Labor Management Relations Act of 1947, it caused Ambassador Venetian Blind Company, and its successor, as employers of one Viola Dodd, to discriminate against such employee in violation of Section 8(a)(3) of the Act.[1]

The Board adopted the Trial Examiner's findings that Viola Dodd, who was employed by the Ambassador Venetian Blind Company, a partnership, here called the employer, from July, 1946, to October 27, 1948, was on the latter date laid off, and refused further employment by the employer; that this action was taken because the respondent Union notified the employer that a strike by union employees against the employer over other issues which were about to be settled, would be continued, and the union members not allowed to go back to work if Dodd were not refused employment. This notification was based upon the fact that Dodd had previously become delinquent in her union dues and was still in bad standing with the Union. It was found that at the time in question there was no union shop contract in existence. The finding was that the Union business agent consistently and repeatedly thereafter, refused to agree to Dodd's reinstatement or reemployment, although the employer, and its successor was willing, were it not for the Union's objection, to employ Dodd.

It was found that the layoff and subsequent refusal to reinstate Dodd was discrimination within the meaning of Section 8(a)(3), since the intent and effect thereof was to encourage membership in the respondent Union. The finding was that the Union caused the employer to take such action, and hence was itself guilty of violating Section 8(b)(2).

George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. Gen. Counsel, Arnold Ordman, Mary E. Williamson, Washington, D. C., Robert V. Magor, San Francisco, Cal., for petitioner.

Todd & Todd, Henry C. Todd, San Francisco, Cal., for respondent.

Before MATHEWS, STEPHENS and POPE, Circuit Judges.

POPE, Circuit Judge.

The respondent Union was found to have engaged in unfair labor practices in that, in violation of Section 8(b)(2)

* * * * *

"(b) It shall be an unfair labor practice for a labor organization or its agents—

* * * * *

"(2) to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a)(3) of this section * * *." 29 U.S.C.A. § 158(a)(3), (b)(2).

---

1. The material portions of these Sections read as follows:

Sec. 8(a) "It shall be unfair labor practice for an employer—

* * * * *

"(3) By discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: Provided, (the proviso is not material here) * * *

In opposition to the requested decree of enforcement the respondent Union argues that the evidence does not support the Examiner's findings or the Board's Order. We have examined the record with care, and are of the opinion that the evidence was not only sufficient to support the findings, but that it compelled the Board to find as it did. As the Examiner pointed out, the Union's business agent, who testified, did not deny having made the statements attributed to her by the Board's witnesses, in which she had threatened strike action if Dodd were allowed to work. The Union's claim that the case against it was founded upon "inferences" which were unwarranted, and that hearsay testimony was improperly admitted, not only lacks specification, but it is groundless. It is asserted that the Union was denied sufficient notice of the hearing and denied an adequate opportunity to prepare for trial. The record shows that ample notice of the hearing was served upon the Union some ten weeks before the date set. At that time the Union agent appeared for the Union. When it appeared that the Union had not employed an attorney, it was given time to call its counsel, who was given time to file an answer, for want of which the Union was then in default. After the General Counsel's case was put in, the hearing was continued one week to permit counsel for the Union to prepare his case for presentation. The respondent has no reason for complaint in respect to its request for more time.

The respondent argues that the complaint against the Union cannot be prosecuted in the absence of the employer as a respondent. Its motion to bring in the employer and its successor as additional respondents was denied. It is argued that to require the Union to make Viola Dodd whole for loss of employment, amounts to forcing the Union to respond in damages for a wrong committed by parties other than itself. We find nothing in the Act which requires the employer to be made a respondent in a complaint against the Union such as that here filed. National Labor Relations Board v. Local 57, 1 Cir., 201 F.2d 771; National Labor Relations Board v. Newspaper & Mail Deliverers' Union, 2 Cir., 192 F.2d 654, 656. The last named case holds the liability to compensate the employee is both joint and several. Compare National Labor Relations Board v. Pinkerton Nat. Detective Agency, 9 Cir., 202 F.2d 230.

Following the argument of this case we at first considered that we should withhold our decision awaiting the decisions of the Supreme Court in the Radio Officers' Union and International Brotherhood Cases (National Labor Relations Board v. Radio Officers' Union, etc., 2 Cir., 196 F.2d 960; National Labor Relations Board v. International Brotherhood, etc., 8 Cir., 196 F.2d 1) in both of which certiorari was granted on October 20, 1952. (344 U.S. 852, 73 S.Ct. 91; 344 U.S. 853, 73 S.Ct. 95). The October, 1952, term has ended without decision in those cases. Upon further consideration we note that the question involved in those cases was whether the acts alleged to have been done by the employer at the instance of the union were such as to "encourage membership in the union" [196 F.2d 965] within the meaning of Sec. 8(a)(3). While the same question might have been raised by the Union in the case now before us, yet such an objection was not urged by the Union before the Board. It has not been argued here. We are therefore precluded from considering the question whether the conduct here alleged to have been done and performed by the employer would violate Sec. 8(a)(3). National Labor Relations Board v. Pinkerton's Nat. Detective Agency, supra, 202 F.2d at page 233. Hence, the ultimate decisions by the Supreme Court in the cases mentioned will not affect our conclusion here.

Respondent has moved to remand the cause to the Board for additional proceedings in which evidence may be taken to determine the back wages, if any, due to Viola Dodd. That matter may properly be deferred until after the enforcement decree Marlin-

Rockwell Corp. v. National Labor Relations Board, 2 Cir., 133 F.2d 258, 261. Cf. National Labor Relations Board v. Draper Corp., 1 Cir., 159 F.2d 294, 298; Wallace Corporation v. National Labor Relations Board, 4 Cir., 159 F.2d 952, 954.

The petition for enforcement is granted. Cause remanded to the Board for computation of amounts payable to Viola Dodd.