MATTER OF T——

In DEPORTATION Proceedings

A-5592351

*Decided by Board January 14, 1960*

Evidence—Hospital records containing opinions, conclusions and hourly notes
made by hospital personnel are admissible.

Hospital records reflecting respondent's addiction to narcotics are admissible
in evidence in immigration proceedings notwithstanding that they contain
opinions, conclusions, and hourly floor notes made by nurses and other hos-
pital personnel on duty. The weight to be assigned such evidence is for
determination by the trier of the facts.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Narcotic
drug addict.

**BEFORE THE BOARD**

**Discussion:** Respondent is 58 years old, unmarried, male, a native
and national of Italy, who first entered the United States at New
York February 22, 1909. The special inquiry officer found respond-
ent deportable on the charge set forth above and ordered him de-
ported from the United States. Respondent appeals to this Board.

Respondent claims to have believed that he had United States
citizenship through his father. He stated that his father told him
that he, the father, was a citizen of the United States, and he believes
his father voted in the United States. He knows, however, that one
of his sisters was naturalized a United States citizen on her own
initiative. Two of his sisters returned to Italy and another lives in
Chicago, and respondent does not know whether the latter is a citi-
zen. The conclusion of the special inquiry officer is that respondent
is an alien, and the record supports this conclusion. There is no
record of naturalization of respondent nor of his father. Exhibit 4
is a "Certificate of Non-Existence of Record" which is evidence that
there is no record or entry regarding the naturalization as a citizen
of the United States of respondent's father in any of the names by
which he was known. For further discussion of these certificates
see *Matter of C——*, 5 I. & N. Dec. 370, at page 372 (B.I.A., Aug. 3,
1953). Respondent testified that his father returned to Italy follow-

523

ing the death of respondent's mother. Respondent's father remar[...]ing in Italy in 1913 or 1914, and he and his second wife lived in the United States a "couple of years." They returned to Italy in 1921, where respondent's father remained until his death in 1932. Respondent testified that he registered as an alien in 1940 under the Alien Registration Act, but that he has not filed an address report card since that time. The record contains no evidence that respondent is a United States citizen. He has admitted alienage on several occasions. It is our conclusion that respondent's alienage is established.

The special inquiry officer finds that the record establishes that since his entry, and subsequent to December 24, 1952, respondent has been a narcotic drug addict, particularly at Fort Worth, Texas, in 1953, and in Omaha, Nebraska, in 1955. The evidence of record is sufficient to sustain these findings.

There is some controversy in the hearing record between counsel and the special inquiry officer and the examining officer as to the extent to which the hospital records relating to respondent may be considered as evidence. On May 4, 1959, at Butte, Montana, respondent signed an authorization permitting Creighton Memorial St. Joseph's Hospital at Omaha, Nebraska, and the United States Public Health Service Hospital at Fort Worth, Texas, to release to the United States Immigration and Naturalization Service any records in their possession relating to him. Certified copies of the hospital records were obtained and constitute a portion of the record now before us. The detailed hospital record constituting exhibit 7 was objected to by counsel on the grounds that it consists chiefly of hearsay and contains material not relevant to the issues in this case. It was the conclusion of the special inquiry officer that, with the exception of the covering sheet (containing summary, provisional diagnosis and final diagnosis), the record from Creighton Memorial St. Joseph's Hospital, exhibit 7, should not be considered part of the record, inasmuch as it contains opinions, conclusions, hourly floor notes made by nurses and other hospital personnel on duty.

The hospital records were made at the time respondent was patient and constitute the admission and discharge notes of doctor who prescribed treatment for him. The records made at those time are more apt to be accurate than respondent's present recollectio with regard to the amount of narcotics he was using 4 and 6 yea ago, the frequency with which he was taking drugs, and the leng of time he had been administering narcotics to himself.

28 U.S.C. 1732 provides for the admissibility in any court of United States of memoranda and records kept in the regular cou of business. It has been widely held that under this statute hosp records are admissible in state and federal courts, at least insc

524

as they relate to medical and physical conditions of patients. See annotations to this section, also Supplement, 28 U.S.C. 1732. One case holds that a portion of the records containing the patient's recital as to his past life is objectionable (*England* v. *United States*, 174 F.2d 466 (C.A. 5, 1949)). The similar recital in the present record, contained in exhibit 7, was excluded by the special inquiry officer. If admissible in courts of law, hospital records are certainly admissible in administrative proceedings such as this. The certification of the custodian of the records at Creighton Memorial St. Joseph's Hospital, Omaha, Nebraska, that the attached photostatic copies are true and correct copies of the official records of that institution raises them above the level of hearsay. Exhibit 7 is entitled at least to be considered as evidence. The weight to be assigned these records is for the determination of the trier of the facts.

The same rule applies to the records of the United States Public Health Service Hospital at Fort Worth, Texas. It would be preferable if the certification as to their accuracy had been made by the custodian of the records at the hospital, rather than by an investigator for the Immigration Service. However, in view of 28 U.S.C. 1732 and, even more, 28 U.S.C. 1733 (relating to records kept by government agencies) this flaw is certainly not fatal.

These hospital records are of much greater persuasion than respondent's present conclusions as to whether or not he was an "addict" at any particular time. Respondent has freely admitted addiction in his preliminary statements as well as in the course of the hearing.

In several cases since the passage of the 1952 act we have relied upon the statutory definition of narcotic "addict" quoted by the special inquiry officer (*Matter of K——C——B——*, 6 I. & N. Dec. 374 (B.I.A., Nov. 23, 1954), and *Matter of F——S——C——*, A-3409248, Int. Dec. No. 948 (B.I.A., Aug. 11, 1958)). 42 U.S.C.A 201(k) defines "narcotic drug addict" as "any person who habitually uses any habit-forming narcotic drugs so as to endanger the public morals, health, safety, or welfare, or who is or has been so far addicted to the use of such habit-forming narcotic drugs as to have lost the power of self-control with reference to his addiction."

It is our conclusion that the record establishes that respondent has been a drug addict within the past 7 years on several occasions, and as such is deportable on the charge stated in the order to show cause.

Respondent is not eligible for any form of relief from deportation under the present law. We recognize that he has been in the United States since he was 7 years of age, that he knows nothing about his native land, and that deportation under these circumstances constitutes a great hardship. Suspension of deportation under section

244(a)(5) is not available to respondent, because he must be able to establish physical presence in the United States for a continuous period of not less than 10 years following the commission of the act constituting a ground for deportation, and prove that during all of that time he has been a person of good moral character. He cannot establish that 10 years have passed since his last period of addiction, because his last hospitalization began and ended in December 1955.

Respondent is not eligible even for voluntary departure, because section 244(e) of the Immigration and Nationality Act provides that voluntary departure is available to aliens under deportation proceedings, other than those within certain classes, and one of the excepted classes is an alien within the provisions of section 241(a)(11). Therefore, we have no choice but to affirm the special inquiry officer's order of deportation and dismiss the appeal.

**Order:** It is ordered that the appeal be and is hereby dismissed.