### ANTONIO JOAN *vs.* COMMONWEALTH.

Middlesex.   November 27. — 28, 1883.   C. ALLEN & HOLMES, JJ., absent.

A writ of error does not lie to reverse a judgment rendered upon an indictment for arson, on the grounds that the building burned was not a dwelling-house, as alleged in the indictment, and that it was not the property of the person named in the indictment as the owner.

WRIT OF ERROR to reverse a judgment rendered for the Commonwealth at January term, 1874, of the Superior Court for the county of Worcester, for the transaction of criminal business, upon an indictment, the second count of which was as follows:

"And the jurors aforesaid, upon their oath aforesaid, do further present that Antonio Joan of Westborough, in said county, on the sixteenth day of June, in the year eighteen hundred and seventy-three, at said Westborough, a certain dwelling-house, to wit, the dwelling-house of William A. Webb, there situate, feloniously, wilfully, and maliciously did set fire to, and the same house then and there by such firing as aforesaid feloniously, wilfully, and maliciously did burn and consume."

The record set forth that the indictment was found and returned into court by the grand jury at August term, 1873, when the plaintiff in error was arraigned, and pleaded not guilty, and for trial put himself upon the country; that the indictment was then continued to October term, 1873, when the plaintiff in error filed a motion to quash the indictment, which motion was overruled as to the first, second, and third counts, and allowed as to the fourth count; that a jury was duly empanelled and failed to agree upon a verdict; that the indictment was continued to January term, 1874, when the plaintiff in error filed another motion to quash the indictment, which motion was overruled; that a jury was duly empanelled and returned a verdict of guilty on the second count, and not guilty on the first and third counts; and that the plaintiff in error was sentenced to imprisonment in the state prison for the term of his natural life.

The assignment of errors alleged that the building named in the second count of the indictment was not a dwelling-house, as set forth therein: and that the building actually burned was a block, in which said William A. Webb occupied certain rooms, and the plaintiff in error and other persons occupied certain other rooms, and the rooms occupied by said Webb were not set on fire, but were burned by reason of a fire set by some one, not the plaintiff in error, in another part of the building, so that the second count of the indictment was erroneous and defective in law, as it did not set forth the offence correctly. Plea, *in nullo est erratum.*

At the hearing, before *C. Allen,* J., the plaintiff in error offered to prove that the building which he was charged with having burned was not a dwelling-house, as described in the indictment; and that the building was not the property of the person named in the indictment as the owner thereof. To this evidence the government objected; and the judge ruled that it could not be received, and ordered the judgment to be affirmed. The plaintiff in error alleged exceptions.

*I. S. Morse & G. A. Morse,* for the plaintiff in error.

*E. J. Sherman,* Attorney General, for the Commonwealth.

BY THE COURT. The assignments of error aver that the building which the plaintiff in error was convicted of burning was not a dwelling-house, as alleged in the indictment, and that

it was not the property of the person alleged in the indictment to be the owner.    Both of these facts were put in issue and were tried in the Superior Court.    The plaintiff in error cannot retry them upon a writ of error.    No error in the judgment is shown, and the evidence offered was properly rejected.

*Exceptions overruled.*