NATHAN B. RAYMOND *vs.* ALBERT F. BUTTERWORTH.

Suffolk. March 11. — June 22, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

Error in fact cannot be assigned in a writ of error, where the matter of fact might have been put in issue and tried in the original action.

A judgment against two debtors jointly is not discharged by the commitment and subsequent release from arrest of one of the debtors, but remains in full force against both.

If a court has acquired jurisdiction of a case by the fact that the person summoned as trustee has his usual place of business within the territorial limits over which the court has jurisdiction, the subsequent discharge of the trustee does not oust the court of its jurisdiction over the remaining parties.

If the plaintiff in an action, for the purpose of giving the court jurisdiction, inserts in the writ the name of a fictitious trustee, described as having his usual place of business within the territorial jurisdiction of the court, a writ of error cannot be maintained to reverse a judgment entered for the plaintiff in the action.

MORTON, C. J. This is a writ of error to reverse a judgment of the Municipal Court of East Boston.

The first error assigned is, that, at the time of suing out the writ in that court, and of the rendition of the judgment, the cause of action alleged in the declaration did not exist, but had been satisfied. Error in fact cannot be assigned when the matter of fact might have been put in issue and tried in the original suit. A party cannot retry his case upon error. Whether a right of action existed, or had been paid and satisfied, was a fact which the plaintiff in error should have tried in the original suit, and his remedy, if dissatisfied with the judgment, was by appeal. *Riley* v. *Waugh*, 8 Cush. 220. *Joan* v. *Commonwealth*, 136 Mass. 162. Besides, it appears by the report before us that there was no error in fact. The suit was upon a judgment rendered against the plaintiff in error and one Bemis. Bemis was arrested upon the execution issued thereon, and was afterwards, by order of the judgment creditor, released from arrest; and the plaintiff in error contends that this operated as a discharge and satisfaction of the judgment. Whatever may be the common law doctrine as to the effect of the commitment of a debtor on execution, it has long been the settled law of this Commonwealth that a judgment is not discharged by such commitment and a subsequent release from arrest, but remains in full force

against the party committed, and may be satisfied by a levy on his property, and, *a fortiori*, it remains in force against a joint judgment debtor. *Cheney* v. *Whitely*, 9 Cush. 289.

The second assignment of error is, that the Municipal Court of East Boston had no jurisdiction of the action; but it is not clear whether it was intended as an assignment of error in law or error in fact.

If it be treated as an assignment of error in law, it is clear that no error is shown. The record of the Municipal Court shows that the action was a trustee process, in which one of the trustees was described as "having his usual place of business in East Boston, within the judicial district of said court," and that legal service was made upon the defendant. The record thus shows that the court had jurisdiction of the action. The fact that the trustee was discharged upon his answers, by consent of the plaintiff, did not oust the jurisdiction of the court, but it was authorized to proceed to judgment in the suit. Pub. Sts. *c.* 183, § 9. *Lucas* v. *Nichols*, 5 Gray, 309.

If we treat the second assignment of error as an allegation of fact, that the plaintiff fraudulently and collusively inserted a fictitious trustee for the purpose of giving the court apparent jurisdiction, the answer is, that this is matter of fact, which, if it can be availed of in any way, should have been averred by plea in abatement, and tried in the original action, and it does not furnish ground for reversing the judgment upon a writ of error. *Davis* v. *Marston*, 5 Mass. 199. *Dunning* v. *Owen*, 14 Mass. 157.

As the purpose of the report in this case seems to be to submit to this court the question whether, upon the assignments, the writ of error can be maintained, we have not considered the question of the sufficiency of the plea of the defendant in error, as any defects in pleading might be cured by amendment.

*Judgment affirmed.*

*A. B. Wentworth*, for the plaintiff in error.
*H. P. Fellows*, for the defendant in error.