## NATIONAL LABOR RELATIONS BOARD v. CARLISLE LUMBER CO.

### No. 8361.

Circuit Court of Appeals, Ninth Circuit.

Dec. 4, 1939.

Charles Fahy, Gen. Counsel, National Labor Relations Board, and Richard A. Perkins, Atty., National Labor Relations Board, both of Washington, D. C., for petitioner.

Theodore B. Bruener, of Aberdeen, Wash., for respondent.

Before WILBUR, HANEY, and STEPHENS, Circuit Judges.

PER CURIAM.

On September 18th the petitioner filed a motion to adjudge the respondent in contempt for failure to comply with the orders of this court made December 13, 1937, and September 23, 1938, wherein, among other things, the Carlisle Lumber Company was ordered to pay specified sums of money as back pay to its several employees, as specified by name and amount. These amounts aggregate approximately $160,000.

Prior to the filing of the verified motion the Carlisle Lumber Company, on September 14, 1939, had filed a lengthy petition addressed to this court, alleging that a settlement had been arrived at between the petitioner and respondent concerning a method of satisfying the order of the court with relation to the payment of money. The petitioner filed an answer thereto traversing some of the facts and particularly the claim that the plan of settlement had been unconditionally approved by it. This answer was filed October 30, 1939. Both matters were set for hearing on the same day, November 2nd. The petition of the respondent for an order approving the settlement with the petitioner and ordering a compliance therewith was dismissed on the motion of the Board.

At the time of the hearing no answer had been filed to the petitioner's motion that the Lumber Company be adjudged in contempt. The respondent Lumber Company was given leave to file an answer to the allegations of the verified motion. This answer was filed November 14, 1939. The answer admits the failure to pay the amounts awarded and ordered paid by this court, but alleges that this failure was due to the inability of the company to make such payments. In addition to a de-

tailed statement of the property owned by the respondent it refers to its petition in the matter of the proposed settlement and makes the same a part of its answer.

The petitioner moves for an order adjudging the Carlisle Lumber Company in contempt and for an order referring this contempt proceeding "to a special master to make findings and file a report after due investigation, such report to contain findings and recommendation regarding the ability of the Carlisle Lumber Company to comply with the orders of this court and to take such action as shall appear just, reasonable and necessary to make effective those orders."

In considering the propriety of such an order it will be necessary to state in a general way the situation disclosed by the motion and answer thereto. The petitioner alleges in the motion for contempt that in view of the contention of the Carlisle Lumber Company that it was financially unable to comply fully with the orders of the court, negotiations had been conducted with the Lumber Company with a view of securing reasonable settlement "which might be considered by the court to be a satisfactory compliance with its orders." The answer and the reference therein disclosed the details of such negotiations and showed that the account books of the Lumber Company have been submitted to experts employed by the Labor Relations Board and the Board has thus become fully advised of the situation. The most valuable assets of the corporation are covered by mortgages and liens. The unlogged timber land which contains a stand of 350,000,000 feet of lumber and the operating plant and railroad are mortgaged for an amount of $340,000. The company has in addition, 21,000 acres of land which had been logged off but which is subject to liens for delinquent taxes amounting to over $29,500. The Lumber Company alleges that its entire property, if sold at forced sale, would not realize enough to pay the liens thereon. It also alleges that in order to maintain the value of the property as a going concern it would be necessary for the company to continue in business.

The matter presented to this court is a civil and not a criminal contempt. The object to be accomplished by the contempt proceeding is to compel the compliance by the company with the order of court so far as that is possible by appropriate order. The purpose of such an order would be to require the company to apply its assets to the payment of the indebtedness due to the petitioner for and on behalf of the respondent's employees. In order to be fully advised as to the financial and economic situation we grant the motion of the Board for the appointment of a master.

The master will ascertain from the agreement of the parties, so far as such an agreement may be made, and by the taking of such evidence as may be necessary to supplement the agreement, the value and character of respondent's property, and the best means by which to realize therefrom the moneys which the court has heretofore ordered to be paid by the respondent for the employees who were wrongfully discharged. The master shall consider and report upon such feasible means for the disposition of such property as is suggested by either the petitioner or respondent and shall determine therefrom and from the evidence submitted to him the most feasible plan in his judgment for enforcing the order of the court with reference to the payment of such moneys within a reasonable time. If it is found during the investigation that a plan is, or can be, agreed upon by the parties hereto, such plan shall be reported to the court as soon as possible. If the parties cannot agree the master will report such plan as he deems most feasible to enforce our order.

Estes Snedecor is named as special master to perform the above mentioned duties. He shall take an oath to faithfully perform the duties imposed by this order. His compensation shall be fixed by the court in connection with the consideration of his report.