**NATHANSON v. NATIONAL LABOR RELATIONS BOARD.**

No. 4614.

United States Court of Appeals First Circuit.

Feb. 11, 1952.

---

Louis K. Nathanson, Boston, Mass., pro se.

Owsley Vose, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Harvey B. Diamond, Attorney, all of Washington, D. C., on brief), for appellee.

Before CLARK, WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by the Trustee in Bankruptcy of MacKenzie Coach Lines, Inc. from an order of the United States District Court for the District of Massachusetts, dated September 28, 1951, setting aside the bankruptcy referee's disallowance of the amended claim of the National Labor Relations Board. The referee was also ordered to permit the matter to stand in abeyance for 2 months to permit the Board, in accordance with the National Labor Relations Act, to fix the precise amount now owing from the bankrupt to the Board and to file with the referee an amendment to its claim showing such amount.

The opinion of the District Court is reported in 100 F.Supp. 489, 490, and recites in part that:

"The National Labor Relations Board has petitioned for review of the order of Referee in Bankruptcy Smart, which disallowed the Board's claim. These are the facts—

"On January 3, 1947 the Board issued a complaint against the present bankrupt and another alleging that they had engaged in unfair labor practices in violation of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. After appropriate proceedings, the Board on February 4, 1948 ordered the bankrupt to pay certain persons back pay from the date of discrimination found by the Board to the date of an offer of reinstatement. June 7, 1948 an involuntary petition in bankruptcy was filed against the bankrupt. December 7, 1948 the Court of Appeals of this Circuit entered its decree enforcing the Board's order. March 15, 1949 the Board filed with the Referee its proof of claim for the back pay of the persons covered by the court's decree. The Referee held a hearing on April 17, 1950 at which he entertained an amendment to the claim and took evidence. June 29, 1950 the Referee disallowed the claim. His reasons, given in his December 1, 1950 certificate to this court, were that the persons covered by the back pay order were not employees of the bankrupt; that the claims

of those persons had, in any event, been compromised by them and the bankrupt; and that the claims were not liquidated."

The trustee's statement of points is as follows:

"1. The Court erred in ruling that a Referee in Bankruptcy has no authority at any stage to rule upon matters involving the question whether a person is an employer under the National Labor Relations Act and the extent to which an employer is obligated to make restitution.

"2. The Court erred in finding that the order of the National Labor Relations Board of February 4, 1948 was a final administrative determination that the future bankrupt was liable to make compensation according to a declared formula.

"3. The Court erred in not ruling that the claim of the National Labor Relations Board was unliquidated.

"4. The Court erred in not ruling that an unliquidated claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the Bankruptcy Court.

"5. The Court erred in not ruling that the back pay order had been fully complied with.

"6. The Court erred in ruling that the claim filed by the National Labor Relations Board is entitled to priority as a debt owing to the United States under Sec. 64(a) (5) of the Bankruptcy Act."

We believe that the District Court was right in ruling that the Board " * * is the exclusive agency, subject to review by appellate courts of the United States, for determining whether under the National Labor Relations Act, a person is an 'employer' of another and obligated to make restitution to that other. § 10(a) of the National Labor Relations Act, as amended. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. * * *"

The decree of this court on December 7, 1948 affirmed and enforced the Board's order of February 4, 1948. The Board's order, among other things, required the respondents in the enforcement proceedings, Hill Transportation Company and MacKenzie Coach Lines, Inc., to take affirmative action in making whole in the manner set forth in "the remedy" certain persons whose names appeared in an appendix to the order "for any loss they may have suffered by reason of the respondents' discrimination against them."

In National Labor Relations Board v. Draper Corp., 1 Cir., 159 F.2d 294, 298, this court said: "If, after the entry of an enforcement decree imposing an obligation expressed in terms of a general formula, a bona fide dispute should arise as to the precise obligation of the respondent when the formula comes to be applied to a particular set of facts, there would in such a case be no danger that the respondent would be adjudged in criminal contempt until, after appropriate procedure, the respondent's obligation is determined with the requisite precision and ultimately embodied in a supplemental decree of the enforcement court. * * *" In a footnote to the opinion in National Labor Relations Board v. Bird Mach. Co., 1 Cir., 174 F.2d 404, this court noted the possibility of a supplemental order which would require a petition to this court for enforcement. It is then that the question of the precise amount and extent of the obligation can be passed upon by this court.

Therefore, without laboring the point further, as to the extent of the bankrupt's liability at this time, we pass to the other questions presented.

We are satisfied that the district court was correct in ruling that the Board's order is a judgment under § 63, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 103 sub. a(1), with the reservation however, as indicated above, that it is merely interlocutory as to the extent of the obligation on the back pay issue. See Haynes Stellite Co. v. Chesterfield, 6 Cir., 97 F.2d 985; Bird Mach. Co. case, supra.

The questions remaining now are: (1) can the bankruptcy court liquidate such a claim, and (2) what priority is such a claim entitled to, if any.

In its brief the Board states "* * * the Bankruptcy Act vested in the Bankruptcy Court the power to disallow claims where the claimant has unduly delayed effecting the liquidation of his claims. Accordingly we acknowledged that should the Board unduly delay in commencing back pay proceedings, this might warrant a court in holding that Section 57(d) of the Bankruptcy Act should prevail. [11 U.S.C.A. § 93, sub. d] * * *" That section provides in part for the allowance of unliquidated claims within the time directed by the court and the disallowance of such a claim if it is not capable of liquidation or that liquidation would unduly delay the administration of the estate. The Board argues quite persuasively that it is not guilty of laches in not yet having liquidated its claim in view of the trustee's position that the beneficiaries of the back pay order were not employees of the bankrupt and because of the important legal question as to what agency (Bankruptcy Court or the Board) should liquidate the claim. The determination by the district court appears to us to be reasonable in allowing the Board 2 months to fix the amount of the liability. This ruling has not been demonstrated to us to be inconsistent with the Bankruptcy Act. Rather the ruling appears to give effect to the intent of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The Supreme Court said in International Association of Machinists v. Labor Board, 311 U.S. 72, 82, 61 S.Ct. 83, 89, 85 L.Ed. 50, reh. den. 311 U.S. 729, 61 S.Ct. 314, 85 L.Ed. 474: "* * * It is for the Board not the courts to determine how the effect of prior unfair labor practices may be expunged. * * *" The determination of the amount of back pay is an integral part of the Board's jurisdiction. It is within its particular competence and knowledge to decide such questions in effectuating the purposes of the National Labor Relations Act, subject to review by this court. An example cited in the Board's brief is pertinent where it is stated: "* * the ascertainment of the amount of back pay due involves the determination of whether any of the employees have willfully incurred losses of earnings by unjustifi-

ably refusing to take desirable new employment during the period following their discharge." Cf. Harvest Queen Mill & Elevator Co., 90 NLRB 320.

■ It is not improper for the bankruptcy court to "stay its hand" for a reasonable time pending an administrative determination of a question such as we have here. See Smith v. Hoboken R., etc., Co., 328 U.S. 123, 66 S.Ct. 947, 90 L.Ed. 1123, 168 A.L.R. 497. Cf. General American Tank Car Corp. v. Terminal Co., 308 U.S. 422, 60 S.Ct. 325, 84 L.Ed. 361, rehearing denied 309 U.S. 694, 60 S.Ct. 465, 84 L.Ed. 1035.

The record is inconclusive on the question of whether or not the Board had approved a settlement of the back pay question. We agree, however, with the district court that there was no adequate showing that the Board approved any settlement agreement. See Bird Mach. Co. case, supra, and 29 C.F.R. 101.9.

■ We now come to the last question which concerns the priority of the Board's claim. The district court held that it was entitled to priority as a debt owing to the United States under § 64, sub. a(5) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(5). We concur in this view. See National Labor Relations Bd. v. Carlisle Lumber Co., 9 Cir., 108 F.2d 188; National Labor Relations Board v. Stackpole Carbon Co., 3 Cir., 128 F.2d 188. Cf. Bramwell v. U. S. Fidelity Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368.

In National Labor Relations Board v. Killoren, 8 Cir., 122 F.2d 609, 137 A.L.R. 510, certiorari denied 314 U.S. 696, 62 S.Ct. 412, 86 L.Ed. 556, the court held that a back pay allowance under the provisions of the National Labor Relations Act is entitled to a § 64, sub. a(2) priority, yet it contains language favorable to the Board's contention in this case. The court said at pages 612, 614 of 122 F.2d:

"It was an obligation or indebtedness of a public character, which the Board alone was authorized to enforce. * * * The Board was therefore a creditor under the Bankruptcy Act, * * *

* * * * * *

"Under the position here taken, we deem it unnecessary to determine whether an award of back pay may, for any other purpose, be regarded as a debt due to the United States."

We do not regard the Board's claim here as a penalty. On this ground, the case of Republic Steel Corp. v. Labor Board, 311 U.S. 7, 61 S.Ct. 77, 85 L.Ed. 6, is clearly distinguishable. See National Labor Relations Board v. Baltimore T. Co., 4 Cir., 140 F.2d 51, certiorari denied 321 U.S. 795, 64 S.Ct. 848, 88 L.Ed. 1084.

The inequity envisaged by the court in the Killoren case, supra, is not a factor in the circumstances here where there is no indication that there are any wage claimants whose claims would be prejudiced by the allowance of a § 64, sub. a(5) priority. The Board argues persuasively in its brief that even if equities are to be considered as between the two classes of workers (those who worked and those who were discriminatorily discharged) the latter should be favored. The brief states: " * * * And it is only because these employees relied upon the assurances of their Government that they could freely engage in union activity without fear of reprisal that they are now faced with the prospect that if priority under Section 64, sub. a(5) is denied, then they must take their chances with the general creditors, which puts them in a much worse position than the working employees who have received their wages in full. Thus the hypothetical inequity which may result from a refusal to apply the rule of the Killoren case, which, as we show below is not as rigid as appellant assumes, must be balanced against the inequitable deprivation to which the discharged employees are exposed in the absence of the fifth priority. It is unrealistic to sacrifice the equities of these many for the sake of a few who, as in the hypothetical case assumed by the Court in the Killoren case, voluntarily risked working without wages for more than three months preceding the bankruptcy of their employer."

Since the obligation to take action in such claims runs to the Board, which is an agency of the United States, and because its proceeding in this fashion is consistent with its duty to effectuate the purposes of the National Labor Relations Act, we conclude that its claim is entitled to a § 64, sub. a(5) priority under the Bankruptcy Act.

The order of the district court is affirmed.