**NATIONAL LABOR RELATIONS BOARD v. UNDERWOOD MACHINERY CO.**

No. 4427.

United States Court of Appeals
First Circuit.

July 11, 1952.

Magruder, Chief Judge, dissented.

Duane Beeson, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, and A. Norman Somers, Asst. Gen. Counsel, all of Washington, D. C., on brief), for National Labor Relations Board, petitioner.

Harold B. Dondis, Boston, Mass., for Paul L. Gingras.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

On December 20, 1949, this court entered its decree enforcing an order of the National Labor Relations Board directed to Underwood Machinery Company. N. L. R. B. v. Underwood Machinery Co., 1 Cir., 179 F.2d 118. One of the terms of the order so enforced required respondent to take the following affirmative action:

"Make whole George Murphy for any loss of pay he may have suffered by reason of the respondent's discrimination against him, by payment to him of a sum of money equal to the amount he would normally have earned as wages during the period from December 19, 1945, the date of the respondent's discrimination against him, to February 6, 1946, and during the period between the date on which the respondent, subsequent to the date of the Intermediate Report, has had or may have work available for another third-class mechanic in the plate shop or in a substantially equivalent position and the date of its offer to reinstate him, less his net earnings during such periods. Payment of the sum for the first period shall be made at once and shall not await the time when there may be sufficient work to require the respondent to offer reinstatement to Murphy".

Subsequently, further hearings were held by the Board to adduce evidence relating to the exact amount payable to George Murphy under the provisions of the decree. See N. L. R. B. v. Bird Machine Co., 1 Cir., 1949, 174 F.2d 404. On August 27, 1951, the Board issued a supplemental decision in which it determined that the sum of $3347.-43 was payable to Murphy pursuant to the order and decree. By written stipulation executed by respondent and by counsel for the Board, respondent agreed that the said back pay should be paid by it in three installments to the First Regional Office of the Board in the following manner:

November 20, 1951 . . . $1115.00
January 20, 1952 . . . . 1115.00
April 20, 1952 . . . . . . 1117.43

Respondent has made the first two of the aforesaid payments, in the manner specified. The Board granted respondent an extension of time until June 20, 1952, to make the third and final payment. At the date of the hearing before this court, on June 17, 1952, upon the Board's petition for a restraining order against one Paul L. Gingras, this third payment had not been made.

It appears from the Board's petition, now before us, that on March 5, 1952, Gingras instituted two actions for damages totaling $390.00 in the Municipal Court of the City of Boston against the said George Murphy. Said actions were instituted by trustee process under Ch. 246, Mass.Gen.L. (Ter.Ed.). Service of such trustee process was made upon Underwood Machinery Company as trustee on March 5, 1952. This process purports to attach approximately 11% of the back pay which Underwood Machinery Company, under decree of this court, is obligated to make good to the employee discriminated against. Approval of the attachments made in said actions was given by the Municipal Court of the City of Boston on March 13, 1952; and Underwood Machinery Company is now under order of the Municipal Court to withhold the sum of $390.00 for the purpose of satisfying the judgments which may eventually be entered in favor of Gingras in the above-described actions in the Municipal Court of Boston against the employee George Murphy.

It is evident that the effect of the outstanding order of the Municipal Court under the trustee process is to delay the full compliance by Underwood Machinery Company with the decree of this court entered December 20, 1949. Accordingly, the Board on June 4, 1952, filed its petition for an order to be issued against Paul L. Gingras, restraining him from instituting, prosecuting or maintaining any proceeding or invoking legal process to carry into

effect or derive the benefit from the attachments made under trustee process, as above described, insofar as their purport and intent is to make the same applicable to the obligation of Underwood Machinery Company under this court's decree to make payments of back pay to George Murphy.

In response to a show cause order which we entered on June 4, 1952, Gingras filed his answer to the petition, asking that the petition be dismissed. We heard oral argument on the petition and answer on June 17, 1952.

We have no doubt of the ancillary jurisdiction of this court, under 28 U.S.C. § 1651, to entertain the present petition of the Board for a restraining order in effectuation of our decree entered in the main proceeding against Underwood Machinery Company. The requested restraining order against Gingras is plainly within the exception provided in 28 U.S.C. § 2283: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

At the oral argument we pointed out to counsel for the Board that the requested restraining order against Gingras would not of itself relieve Underwood Machinery Company from the outstanding order of the Municipal Court under the trustee process. Accordingly the Board has asked to amend its prayer for relief by the addition of a request that we require Gingras to make application to the Municipal Court of Boston to have the trustee process against Underwood Machinery Company dismissed.

If Underwood paid Gingras $390.00 upon an execution issued by the Municipal Court of the City of Boston and the balance of $727.43 due him under the third installment, Murphy has certainly been made "whole" by Underwood. It is in the public interest that a debtor should pay his creditor.

It is true that such payment of $390 would constitute a violation of our order.

It would be, in the circumstances here, technical and we could decide that question if it should ever reach us on a petition brought by the Board to adjudge Underwood in contempt.

There has been no showing that Underwood has resorted to any shady conduct in the state action. There is no hint or suggestion that Gingras instituted his actions in the Municipal Court of the City of Boston in collusion with Underwood to harm Murphy, or in any way to aid Underwood in escaping the effect of, or circumventing the enforcement of the order of this Court. Our enforcement as yet has not been unduly delayed in its execution. If such problems should arise, we then can deal with them.

Generally speaking, it is one of the policies of the National Labor Relations Act as amended by the Labor Management Relations Act of 1947, 29 U.S.C.A. § 151 et seq., to require an employer to compensate employees in money for any loss in wages suffered by them as a result of any one or more of the defined unfair labor practices. It is the policy of Massachusetts, evidently, to subject wages above a fixed minimum sum and subject to the safeguard of judicial scrutiny, to the payment of a wage earner's just debts. In the instant case we see no necessary collision between these policies nor have we heard any cogent reason advanced by the Board why this Court should grant the relief which it seeks to protect an alleged debtor-employee from the operation of the state policy. We would be unrealistic indeed if we were to suggest that a creditor like Gingras would not be harmed by the granting of a petition such as this because he can enforce his rights by attachment under the state law after the employee-debtor has his money in his pocket. Trustee process is specifically designed to cope with every day practicalities, and to defeat that process is certainly in the majority of cases as a practical matter to deny the creditor any relief at all.

The federal courts in certain situations have power to interfere with proceedings in state courts, but it is a power

that should be usesd sparingly and we do not believe that we should here exercise it on a mere threat of interference with our order, without a showing of wrong-doing in the premises by Underwood, such as for instance, collusion with the creditor for some ulterior purpose.

When the federal and the state policies mentioned above collide, and the federal policy is actually suffering in consequence thereof, which is not the situation here, then and not until then, will come the time for this Court to exercise its discretionary power and intervene in the state action in order to protect the federal policy.

The petition for a restraining order against Paul L. Gingras is denied and dismissed.

MAGRUDER, Chief Judge (dissenting).

The effect of the outstanding order of the Municipal Court under the trustee process is to delay indefinitely the full compliance by Underwood Machinery Company with the decree of this court, pending the outcome in the state courts of the two actions by Gingras against Murphy. Though the amount of money involved in the present case is small, that does not affect the principle of the matter. The opinion of the court recognizes that we have ancillary jurisdiction under 28 U.S.C. § 1651 to entertain the present petition by the Board for a restraining order. I am in general agreement with the majority opinion in N. L. R. B. v. Sunshine Mining Co., 9 Cir., 1942, 125 F.2d 757, and I would be disposed to grant the relief requested by the Board. I also think it would be appropriate to require Gingras to make application to the Municipal Court of Boston to have the trustee process against Underwood Machinery Company dismissed. See Am.Law Inst., Restatement of Judgments § 113(c); Kempson v. Kempson, 1902, 63 N.J.Eq. 783, 52 A. 360, 58 L.R.A. 484. Such an order by us would of course in no way inhibit Gingras from proceeding with his actions against Murphy now pending in the Municipal Court of Boston, as provided in § 9 of Ch. 246, Mass.Gen.L. See Raymond v. Butterworth, 1885, 139 Mass. 471, 472, 1 N.E. 126.