NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

OZANNE INCORPORATED, d/b/a Weth-
ersfield Farms, Respondent.

No. 5852.

United States Court of Appeals
First Circuit.

June 22, 1962.

Stuart Rothman, Gen. Counsel, Domi-
nick L. Manoli, Associate Gen. Counsel,
Marcel Mallet-Prevost, Asst. Gen. Coun-
sel, and Paul Elkind and Elliott Moore,
for National Labor Relations Board, on
petition for injunctive relief.

Merrill B. Nearis, Gloucester, Mass.,
for Carl Trumbull, on answer to order to
show cause.

Before WOODBURY, Chief Judge, and
HARTIGAN, and ALDRICH, Circuit
Judges.

PER CURIAM.

██  In this case the Labor Board
asks us to overrule our decision in N. L.
R. B. v. Underwood Machinery Co., 1
Cir., 1952, 198 F.2d 93, wherein we held
that although we had power to do so we
would not restrain a state court garnish-
ment proceeding wherein a creditor of an
employee ordered by us to be "made
whole" sought to subject the employer's
payments to state court process. Admit-
tedly there is an irreconcilable conflict
between free enforcement of creditors'
remedies and untrammeled supervision
by the Board over compliance with its
orders, and we must balance the inter-
ests. During the pendency of garnish-
ment proceedings the employer is not
only excused from complying with an
order, but is totally prevented from doing
so. At the least this embarrasses and
interferes with the Board and extends
its duties. Even if the employer's ob-
ligation to comply is an attachable obli-
gation, which the Board disputes, on fur-
ther consideration we think that Judge
Magruder, in dissenting in Underwood
Machinery Co., was correct, and that it
is more important that the Board's reg-
ular procedure be not interfered with
than that some individual creditor be de-
prived of one of his possible remedies.
Cf. N. L. R. B. v. Sunshine Mining Co.,
9 Cir., 1942, 125 F.2d 757.

██  However, we have now learned
that while this matter has been pending
in this court the debtor was defaulted
in the state proceedings and the deputy
sheriff, in due course, has collected from
the employer on execution. Under these
circumstances we will not enter an in-
junction.