**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Al SCHERTZER and Philip Gorenstein, co-partners, doing business as A & P Import Company, Respondent.**

**Docket 30383, 30384.**

United States Court of Appeals
Second Circuit.

Argued April 4, 1966.

Decided May 3, 1966.

Paul Elkind, Attorney for N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel), for petitioner.

Benjamin Schwartz, New York City (John F. Martin, Long Island City, N. Y., on the brief), for creditor, Tilden Commercial Alliance Incorporated.

Before LUMBARD, Chief Judge, HAYS, Circuit Judge, and CLARIE, District Judge.*

HAYS, Circuit Judge.

The National Labor Relations Board has moved for an injunction to restrain Tilden Commercial Alliance, Inc., from maintaining or carrying into effect a garnishment proceeding brought against an employee named Gatson, in the courts of the state of New York, in which there has been attached an award for back wages that the Board directed the employer to pay to it as the statutory representative of Gatson.

At oral argument we reserved decision on the Board's motion which presented a question of first impression in this Circuit. We have decided to grant the motion.

A petition by the National Labor Relations Board to enforce an order, pursuant to § 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), which, in part, requires respondent to make employee Gatson whole for loss of wages, has been docketed and is presently pend-

* Of the District Court for Connecticut, sitting by designation.

ing before this court. The decision of the Board was reported at 154 N.L.R.B. No. 74 (September 2, 1965).

Respondents are willing to pay the Board $1500 in settlement of the back wages due Gatson, but have been prevented from making payment by a "Restraining Notice to Garnishee" issued pursuant to a judgment obtained by Tilden Commercial Alliance, Inc. against Gatson in the Civil Court of the City of New York. The Board maintains that "failure to enjoin interference with the backpay awards would create serious potential problems for the Board in administering the Act."

We must first answer a threshold question as to whether we have jurisdiction to issue the injunction which the Board seeks. Title 28 U.S.C. § 2283, reads:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

■ This court, pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), has jurisdiction over enforcement proceedings brought by the Board. A garnishment proceeding such as that involved here may prevent payment by an employer in accordance with our order and thus, in effect, divest us of jurisdiction and nullify any judgment which we might issue. We hold therefore that we have the power to decree injunctive relief "in aid * * * of [our] jurisdiction," and "to protect or effectuate" a judgment in the pending enforcement action. 28 U.S.C. § 2283; see National Labor Relations Board v. Underwood Machinery Co., 198 F.2d 93, 95 (1st Cir. 1952), in which the court, while holding that it had jurisdiction under Section 2283, declined to issue the injunction. In this latter respect the case was overruled by National Labor Relations Board v. Ozanne Inc., 307 F.2d 80 (1st Cir. 1962). See National Labor Relations Board v. Sun-

shine Mining Co., 125 F.2d 757, 762 (9th Cir. 1942).

Three other Circuits have previously considered the "admittedly * * * irreconcilable conflict between free enforcement of creditors' remedies and untrammeled supervision by the Board over compliance with its orders"; all have held in favor of the Board. See National Labor Relations Board v. Ozanne Inc., supra; National Labor Relations Board v. Stackpole Carbon Co., 128 F.2d 188, 192 (3d Cir. 1942); National Labor Relations Board v. Sunshine Mining Co., supra.

In the fiscal year 1964, the most recent period for which figures are available, the National Labor Relations Board awarded back pay to 5,142 employees and distributed over $3,000,000 in awards. See 29th Annual Report of the National Labor Relations Board 12–15 (1965).

During the pendency of garnishment proceedings an employer, facing a state court contempt citation and possible double liability, would be prevented from complying with an order by the Board; compliance, at best, would be delayed until the termination of the state court litigation. "The administration of the [Board's] decree, or the time, manner or sufficiency of the compliance, are matters which cannot be made dependent upon * * * the outcome of tedious proceedings in other courts." National Labor Relations Board v. Sunshine Mining Co., supra, 125 F.2d at 761. "[T]o compel the employer to answer innumerable garnishments or writs of injunctions as the result of suits brought to recover sums due from individual workmen, would be to hamstring the Act and prevent its effective functioning." National Labor Relations Board v. Stackpole Carbon Co., supra, 128 F.2d at 192.

■ Moreover, employees awaiting a backpay award will often have incurred debts. The Board fears that its fiduciary role in enforcing backpay awards would require it to investigate and appraise the validity of creditor claims, particularly where the employee is not able financially to obtain counsel. Such

**154**

a screening task would, of course, spread thin the resources of the Board. On balance, therefore, we conclude that it is "more important that the Board's regular procedure be not interfered with than that some individual creditor be deprived of one of his possible remedies." National Labor Relations Board v. Ozanne Inc., supra, 307 F.2d at 80.

We are even more emphatic in rejecting the creditor's suggestion that we, pursuant to our power of review under Section 10(e) of the National Labor Relations Act, take over the duty of administering such state garnishment proceedings.

Motion granted.