**Donald C. LENZ, Plaintiff,**

v.

**Mary Ileen LENZ, Defendant.**
**(DM 1503)**

**Stanley HERZENACH, Plaintiff,**

v.

**Dorothy HERZENACH,**
**Defendant.**
**(DM 492)**

**National Labor Relations Board and James P. Miller, Compliance Supervisor for Region 18 of the Board, Garnishees in the above-cited cases.**

**No. C 89–4010.**

United States District Court,
N.D. Iowa, W.D.

Aug. 28, 1989.

Robert Huibregtse and Shannon Sandy, Spencer, Iowa, for Iowa Dept. of Human Services.

Judy Sherman, Washington, D.C., for N.L.R.B.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the court pursuant to the garnishees' resisted motion for removal to the United States District Court, and pursuant to the garnishees' resisted motion to dismiss. The essence of the case before this court is that the Iowa Child Support and Recovery Unit in Spencer, Iowa has sought to garnish checks delivered to workers pursuant to a settlement agreement reached between the garnishees and the workers in another unrelated case. In each of the above-cited cases, all pending before the Iowa District Court in and for Clay County, State of Iowa, the Iowa Child Support Recovery Unit has named the National Labor Relations Board and James P. Miller as garnishees. After considered review of pleadings and arguments in this case, the court finds that the cases should be removed to federal court as a federal agency is involved, and further finds that garnishment proceedings against the settlement checks should cease and that the garnishment actions against the NLRB and James P. Miller should be dismissed.

## ANALYSIS

■ The Iowa Child Support Recovery Unit (hereinafter CSRU) has served notice of garnishment upon the National Labor Relations Board (hereinafter NLRB) and James P. Miller in order to obtain funds with which to pay delinquent child support payments in the above-entitled actions. The money which the CSRU seeks to garnish comes from a settlement reached in a labor dispute as the result of another unrelated case. Although the garnishment does not subject any federal officer or agency to liability or penalty, the garnishment action clearly affects the ability of the NLRB to perform its federally mandated statutory duties. Further, the moneys in question are in the possession of the federal agency. For those reasons, the federal interests are implicated and jurisdiction before this court is proper pursuant to 28 U.S.C. § 1442(a)(1). *See Allen v. Allen*, 291 F.Supp. 312 (S.D.Iowa 1968).

■ The NLRB and Miller have moved for dismissal of the garnishment action against them on the ground that federal law does not permit anyone to garnish NLRB awards such as those in question. The garnishees assert that the National Labor Relations Act (hereinafter "the Act"), 29 U.S.C. § 151, *et seq.*, does not provide any entitlement to the CSRU that can be subjected to a garnishment claim. The garnishees also claim that the United States and its agency board have not consented to be sued in garnishment proceedings. In this case, the settlement payments represent back payment awards. In *NLRB v. Sunshine Mining Co.*, 125 F.2d 757, 761 (9th Cir.1942), the court held that "the Act creates no private right.... [T]he award of back pay is not a private judgment or a chose in action belonging to the employee, and he has no property right in the award pending his actual receipt of it." *See also NLRB v. Gullett Gin Co.*, 340 U.S. 361, 364, 71 S.Ct. 337, 339, 95 L.Ed. 337 (1951); *Trinity Valley Iron and Steel Co. v. NLRB*, 410 F.2d 1161, 1168

(5th Cir.1969); *NLRB v. Stackpole Carbon Co.*, 128 F.2d 188, 191–92 (3d Cir.1942).

The reasoning behind the bar on garnishment of back pay awards from the NLRB is that it is "more important that the Board's regular procedures not be interfered with than that some individual creditor be deprived of one of his possible remedies." *NLRB v. Ozanne Inc.*, 307 F.2d 80 (1st Cir.1962). The court notes that the public interest in ensuring that child support payments are made places the CSRU in a position above the average creditor. Nonetheless, the federal interests prevail. This is especially the case when the CSRU is free to garnish the award *after* it is paid over to the recipient pursuant to the decree. *See NLRB v. Sunshine Mining Co.*, 125 F.2d at 761.

It is the National Labor Relations Board's responsibility in each case to determine what remedy will promote the policies of the Act. *See Virginia Elec. and Power Co. v. NLRB*, 319 U.S. 533, 540, 63 S.Ct. 1214, 1218, 87 L.Ed. 1568 (1943); *NLRB v. Pennsylvania Greyhound*, 303 U.S. 261, 265, 58 S.Ct. 571, 573, 82 L.Ed. 831 (1938). The Board, in this case, has determined that the purposes of the Act are not effectuated until the discriminatees have received the money due. (Garnishees' Supplemental Brief at 2, citing for support *NLRB v. Stackpole Carbon Co.*, 128 F.2d at 192; *NLRB v. Sunshine Mining Co.*, 125 F.2d at 757.)

■ The CSRU argues that it is entitled to garnish NLRB awards without jeopardizing federal sovereign immunity. Plaintiffs have cited to a number of cases in which such actions have succeeded against federal agencies. Nevertheless, none of the cases the CSRU cites involve actions against the NLRB or ones brought under the National Labor Relations Act. One of the keys to understanding the distinction between an action against the NLRB and another federal agency is that the NLRB awards are not "property" of the recipient until the recipient receives them. In other agency actions, property rights attach earlier. With NLRB awards, no property rights attach until the recipient receives

the award. A further distinction is that the NLRB awards are meant to effectuate a public, not a private, interest.

The CSRU inappropriately relies on 42 U.S.C. § 659(a), which Congress enacted in 1974 creating their consent to be sued in garnishment proceedings for enforcement of child support and alimony obligations involving federal employees' compensation. The Act is expressly limited to include only federal employees. *See Overman v. United States*, 563 F.2d 1287, 1291 (8th Cir. 1977) ("the statute simply removed the power of sovereign immunity to one narrow class of actions.... Nothing in the statute or legislative history, however, indicate any congressional intent to expose the government to wider liability."). As none of the parties involved in this matter are federal employees, the CSRU's reliance upon section 659(a), and the case of *West v. West*, 402 F.Supp. 1189 (N.D.Ga.1975) (a case involving section 659(a)), is misplaced.

The court is further reluctantly persuaded that the government has not waived its sovereign immunity such as to allow garnishment actions against the NLRB awards. The court is further persuaded that the unique function such awards serve in furthering public interest militates against subjecting them to garnishment proceedings, even by a meritorious state interest. Therefore, the court finds dismissal in this case appropriate.

Upon the foregoing;

IT IS THEREFORE ORDERED that the above-entitled action be removed to federal court.

IT IS FURTHER ORDERED that this action is hereby dismissed and garnishment proceedings involving NLRB awards shall cease.