915 F.2d 388
 142 L.R.R.M. (BNA) 2785, 116 Lab.Cas. P 10,326
 Donald C. LENZ; Iowa Dept. of Human Services; Mark Allen
Elder; Stanley Herzenach; Gina Lea Roberts;
Donna Lee Auberg; and Marjorie Ann
Anderson, Plaintiffs,
v.
NATIONAL LABOR RELATIONS BOARD and James P. Miller,
Compliance Supervisor Region 18 of the Board; Mary Ileen
Lenz; Charles W. Cherry; Angela Kay Elder; Dorothy
Herzenach; Rodney Brent Roberts; Russell L. Auberg; and
Neal Leroy Anderson, Defendants.
IOWA DEPARTMENT OF HUMAN SERVICES; Mary Ileen Lenz; and
Dorothy Herzenach, Appellants,
v.
NATIONAL LABOR RELATIONS BOARD; Donald C. Lenz; and
Stanley Herzenach, Appellees.
 No. 89-2492.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 10, 1990.
Decided Sept. 28, 1990.
 
 Robert R. Huibregtse, Spencer, Iowa, for appellants.
 Abbey Propis Simms, Washington, D.C., for appellees.
 Before WOLLMAN and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.
 HEANEY, Senior Circuit Judge.
 
 
 1
 Because two beneficiaries of a National Labor Relations Board (Board) back pay settlement are in arrears on child support payments, we are asked to decide whether the Child Support Recovery Unit of the Iowa Department of Human Services can garnish Board funds. This lawsuit arose out of the Board's objection to having the funds garnished before these monies are in the physical possession of the recipients. The district court agreed with the Board, dismissing the case and ordering the cessation of the garnishment actions. 723 F.Supp. 1329.
 
 
 2
 Although other circuits have addressed the issue of garnishing Board funds,[1] this is a case of first impression for this court. The facts in this case are consistent with those in NLRB v. Stackpole Carbon Co., 128 F.2d 188 (3d Cir.1942). In Stackpole, pursuant to an agreement between the defendant company and the Board, Stackpole Carbon deposited funds into a bank account to make amends for its unfair labor practices. This deposit was credited to the Board, and the Board's regional director was responsible for managing and distributing the funds in compliance with the settlement agreement. At that point, claimants instituted garnishment proceedings against a portion of the deposited funds. For reasons discussed below, Stackpole did not permit the garnishment of Board funds.
 
 
 3
 This case involves a situation similar to that in Stackpole. Cut checks had been forwarded from an employer to the Board's regional director, who was responsible for distributing the checks to their recipients. When the regional director received the checks, the check amounts and recipients were already designated. Hence, the regional director's sole responsibility was relaying the checks to their recipients. All policy-making decisions were complete; the Board was merely a conduit in the distribution process, similar to its role in Stackpole.
 
 
 4
 The only distinction between this case and Stackpole is that here the party who committed the unfair labor practices was not the same party who financed the settlement agreement. Instead, the subsequent purchaser of the offending company agreed to financially satisfy the settlement stipulation approved by the Board, even though this purchaser did not commit any unfair labor practices. Despite this distinction, Stackpole remains applicable.
 
 
 5
 Other circuits have held, and we agree, that permitting garnishment of Board funds would interfere with the mission of the Board. See, e.g., NLRB v. Ozanne, 307 F.2d 80 (1st Cir.1962) ("[I]t is more important that the Board's regular procedure be not interfered with than that some individual creditor be deprived of one of his possible remedies."). Stackpole, 128 F.2d at 191-92 (garnishment of Board funds would "hamstring the [National Labor Relations] Act and prevent its effective functioning"). The Board's mandate is to eliminate the causes of labor disputes burdening interstate and foreign commerce. National Labor Relations Act, ch. 372, 49 Stat. 449 (1935) (codified as amended at 29 U.S.C. Sec. 151 (1990)). Permitting the garnishment requested by plaintiffs would burden the Board with responsibilities which would detract from this duty. For instance, prior to the disbursement of settlement awards, the Board would have to screen the recipients for any garnishment claims. If such claims were identified, the Board would then be encumbered with the burdensome task of evaluating whether a garnishment request should be satisfied or ignored.
 
 
 6
 Repeated recognition by the courts that the National Labor Relations Act does not create a private right also counsels against permitting the garnishment of Board funds. "The award of back pay is not a private judgment or a chosen action belonging to the employee, and he has no property right in the award pending his actual receipt of it." NLRB v. Sunshine Mining Co., 125 F.2d 757, 761 (9th Cir.1942). Thus, even if Board-held checks are expressly payable to delinquent debtors, the funds cannot be garnished. To facilitate such garnishment would be to credit the eventual recipients of the funds with a property right that they do not possess.
 
 
 7
 Characterizing Board awards as public judgments fulfills a congressional directive.
 
 
 8
 No private right of action is contemplated [by the bill]. Essentially the unfair labor practices listed are matters of public concern, by their nature and consequences, present or potential; the proceeding is in the name of the Board, upon the Board's formal complaint. The form of injunctive and affirmative order is necessary to effectuate the purpose of the bill to remove obstructions to interstate commerce which are by the law declared to be detrimental to the public weal.
 
 
 9
 Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 267-68, 60 S.Ct. 561, 564, 84 L.Ed. 738 (1939) (citing H.R.Rep. No. 972, 74th Cong., 1st Sess. 21). As this passage suggests, permitting the garnishment of Board-held funds would interfere with the Board's paramount duty to alleviate labor problems which obstruct interstate commerce.
 
 
 10
 Other courts have recognized the need for maintaining the integrity of the Board's mission and have refused to allow the garnishment of Board funds. We agree with their judgment. Accordingly, we affirm the district court's decision.
 
 
 
 [1]
 See NLRB v. Ozanne, Inc., 307 F.2d 80 (1st Cir.1962), overruling NLRB v. Underwood Machinery Co., 198 F.2d 93 (1st Cir.1952); NLRB v. Stackpole Carbon Co., 128 F.2d 188 (3d Cir.1942); NLRB v. Sunshine Mining Co., 125 F.2d 757 (9th Cir.1942)